**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JILLIAN MICHAELS, an individual;
See Additional Parties Attachment attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LISA FRIEDMAN, individually and on behalf of herself and all others
similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 20 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, California 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BC 717341** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John P. Kristensen, 12540 Beatrice Street, Suite 200, Los Angeles, CA 90066; (310) 507-7924

| DATE: August 17, 2018 AUG 2 0 2018 | Clerk, by | Brittny Smith | , Deputy |
|---|---|---|---|
| *(Fecha)* | SHERRI R. CARTER *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE:<br>Friedman v. Michaels, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff      ☑ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

EM DIGITAL, LLC, a Florida Limited Liability Company; EMPOWERED MEDIA, LLC, a California Limited Liability Company; and DOES 1–100, inclusive

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| John P. Kristensen<br>Kristensen Weisberg, LLP<br>12540 Beatrice Street, Suite 200<br>Los Angeles, California 90066 | (310) 507-7924 | |

ATTORNEY FOR *(name)*:  Plaintiff Lisa Friedman

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 312 Spring Street
MAILING ADDRESS: 312 Spring Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF: Lisa Friedman, et al.
DEFENDANT: Jillian Michaels, et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>BC717341 |
|---|---|

To *(name of one defendant only)*: Jillian Michaels
Plaintiff *(name of one plaintiff only)*: Lisa Friedman
seeks damages in the above-entitled action, as follows:

**AMOUNT**

**1. General damages**
- a. ☐ Pain, suffering, and inconvenience ...................................................... $ _____
- b. ☐ Emotional distress. ...................................................................... $ _____
- c. ☐ Loss of consortium .................................................................... $ _____
- d. ☐ Loss of society and companionship *(wrongful death actions only)* .............. $ _____
- e. ☐ Other *(specify)* ..................................................................... $ _____
- f. ☐ Other *(specify)* ..................................................................... $ _____
- g. ☐ Continued on Attachment 1.g.

**2. Special damages**
- a. ☐ Medical expenses *(to date)* ......................................................... $ _____
- b. ☐ Future medical expenses *(present value)* ........................................... $ _____
- c. ☐ Loss of earnings *(to date)* ......................................................... $ _____
- d. ☐ Loss of future earning capacity *(present value)* ................................... $ _____
- e. ☐ Property damage ...................................................................... $ _____
- f. ☐ Funeral expenses *(wrongful death actions only)* .................................... $ _____
- g. ☐ Future contributions *(present value) (wrongful death actions only)* ................ $ _____
- h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ..... $ _____
- i. ☑ Other *(specify)*   Other loss due to fraud ........................................ $ 1,000,000
- j. ☑ Other *(specify)*   Breach of contract ............................................. $ 1,000,000
- k. ☑ Continued on Attachment 2.k.

**3.** ☑ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 2,000,000
   when pursuing a judgment in the suit filed against you.

Date: August 28, 2018

John P. Kristensen
_____
(TYPE OR PRINT NAME)

(Proof of service on reverse)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**
Code of Civil Procedure, §§ 425.11, 425.115
*www.courtinfo.ca.gov*

CIV-050

| | |
|---|---|
| PLAINTIFF: Lisa Friedman, et al. | CASE NUMBER: |
| DEFENDANT: Jillian Michaels, et al. | BC717341 |

**PROOF OF SERVICE**

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify):*

   b. on *(name):*
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ **Other** *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
Christina M. Le (SBN 237697)
Jesenia A. Martinez (SBN 316969)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Facsimile: 310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*christina@kristensenlaw.com*
*jesenia@kristensenlaw.com*

*Attorneys for Plaintiff and all others
similarly situated*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 20 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

LISA FRIEDMAN, individually and on behalf of herself and all others similarly situated,

Plaintiff,

vs.

JILLIAN MICHAELS, an individual; EM DIGITAL, LLC, a Florida Limited Liability Company; EMPOWERED MEDIA, LLC, a California Limited Liability Company; and DOES 1–100, inclusive,

Defendants.

Case No. BC 717341

**CLASS ACTION**

**UNLIMITED CIVIL CASE**

**CLASS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. **Violation of the California Automatic Renewal Law (Cal. *Bus. & Prof. Code* §§ 17600–17604);**
2. **Violation of the California Unfair Competition Law (Cal. *Bus. & Prof. Code* §§ 17200, *et seq.*);**
3. **Violation of the California Consumer Legal Remedies Act (Cal. *Civ. Code* §§ 1750, *et seq.*);**
4. **Violation of California False Advertising Law (Cal. *Bus. & Prof. Code* §§ 17500, *et seq.*);**
5. **Conversion; and**
6. **Restitution and Injunctive Relief (Cal. *Bus. & Prof. Code* §§ 17535, *et seq.*).**

**DECLARATION OF LISA FRIEDMAN**

**DEMAND FOR JURY TRIAL**

I.   **INTRODUCTION**

1.      COMES NOW plaintiff LISA FRIEDMAN ("Plaintiff") and brings this class action on behalf of herself and all other similarly situated against defendants JILLIAN MICHAELS, EM DIGITAL, LLC, EMPOWERED MEDIA, LLC, and DOES 1–100 (collectively, "Defendants").

2.      These causes of action arise from Defendants' unlawful practices with regard to automatic renewals of consumers' subscription to Defendants' "My Fitness" service without consumers' affirmative consent.

3.      Plaintiff brings this class action on behalf of the following class of consumers: all California residents who, within the applicable statute of limitations period, purchased Defendants' "My Fitness" subscription and whose credit cards or debit cards were automatically charged on a recurring basis as part of that subscription within the relevant time period preceding the filing of this Complaint through the present (the "Class") .and whose credit cards or debit cards were automatically charged on a recurring basis for such subscription. In selling its "My Fitness" subscriptions, Defendants fail to comply with the requirements of California's Automatic Renewal Law, Cal. *Bus. & Prof. Code* §§ 17600, *et seq.*, by failing to provide consumers with legally compliant notices and disclosures.

II.   **PARTIES**

4.      Plaintiff is, and at all times mentioned was, an adult residing in the State of California.

5.      The putative Class Members are comprised of California residents who, within the applicable statute of limitations period, purchased Defendants' "My Fitness" subscription and whose credit cards or debit cards were automatically charged on a recurring basis as part of that subscription within the relevant time period preceding the filing of this Complaint through the present without first obtaining affirmative consent to the agreement containing the automatic renewal offer as required by the California Automatic Renewal Law, Cal. *Bus. & Prof. Code* §§ 17600–17604.

///

1      6.     Plaintiff is informed and believes, and upon such information and belief alleges

2  thereon, that defendant JILLIAN MICHAELS ("Michaels") is an individual residing in the

3  State of California.

4      7.     Plaintiff is informed and believes, and upon such information and belief alleges

5  thereon, that defendant EM DIGITAL, LLC ("EM Digital") is a Florida Limited Liability

6  Company with its principal place of business at 2520 Coral Way, Suite 2372, Miami, Florida

7  33145. Its agent for service of process is Cogency Global, Inc., located at 115 North Calhoun

8  Street, #4, Tallahassee, Florida 32301.

9      8.     Plaintiff is informed and believes, and upon such information and belief alleges

10  thereon, that defendant EMPOWERED MEDIA, LLC ("Empowered Media") is a California

11  Limited Liability Company with its principal place of business at 9100 Wilshire Boulevard,

12  Suite 520E, Beverly Hills, California 90212. Its agent for service of process is Jillian Michaels,

13  located at 9100 Wilshire Boulevard, Suite 520E, Beverly Hills, California 90212.

14      9.     The true names and capacities of defendants sued herein as DOES 1–100,

15  inclusive are unknown to Plaintiff who therefore sues said defendants by such fictitious names.

16  Plaintiff prays for leave to amend this Complaint to show their true names and capacities when

17  the same have been finally determined. Plaintiff is informed and believes, and upon such

18  information and belief alleges thereon, that each of the defendants designated herein as DOE is

19  negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the

20  events and happenings herein referred to, and negligently, strictly liable intentionally or

21  otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

22      10.    At all times herein mentioned, each and every Defendant herein was the owner,

23  agent, ostensible agent, apparent agent, servant, joint venture, alter ego and employee, each of

24  the other and each was acting within the course and scope of his or him ownership, agency,

25  service, joint venture and employment.

26      11.    At all times mentioned herein, each and every Defendant was the successor of

27  the other and each assumes the responsibility for the acts and omissions of all other Defendants.

28  ///



KRISTENSEN
WEISBERG, LLP
Attorneys for Plaintiffs

III.  **VENUE AND JURISDICTION**

12.  Jurisdiction and venue are proper in Los Angeles County in the State of California. The acts or omissions occurred in Los Angeles County, California, and at the time of the acts and omissions, all Defendants were residents or conducted business in Los Angeles County, California. Furthermore, this venue is convenient to the parties and is an appropriate venue for a civil action for damages.

13.  Removal is improper where the sole basis of removal is 28 U.S.C. § 1332 and any defendant is a citizen of the State in which such action is brought. "Protection against local prejudice is the essential purpose of removal jurisdiction based on diversity of citizenship. Thus, *defendants cannot remove* a case to federal court if *any* defendant joined and served resides in the state where the action is pending." 28 U.S.C. § 1441(b). This is so even if there is complete diversity. *Spencer v. Altec Industries, Inc.* (9th Cir. 2004) 393 F.3d 867, 870 (emphasis added). Michaels is a California resident. Empowered Media is a California Limited Liability Company and its principal place of business is located at 9100 Wilshire Boulevard, Suite 520E, Beverly Hills, California 90212. None of the causes of action involve "substantial" questions of federal law. 28 U.S.C. § 1331. Thus, this matter is properly venued in this Court.

14.  Further, removal is improper under the Class Action Fairness Act of 2005 ("CAFA"). Enacted to expand federal jurisdiction over purported class actions, CAFA provides that a class action may be removed in accordance with 28 U.S.C. § 1446 if: (1) membership in the putative class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1453(b) and § 1332(d). Here, the amount in controversy requirement is not met as Defendants began offering to the public the "My Fitness" service in 2017 for subscriptions based on $14.99/mo. for a month subscription, $29.99 for a 3-month subscription, and $99.99/yr. for a year-long subscription. The putative Class is not so numerous as to reach an aggregate of $5,000,000 given that the "My Fitness" service was first offered to the public in 2017.

///

KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs

IV.   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(Against All Defendants)

A.   **Defendants' "My Fitness" Service Subscriptions**

15.    Defendants' "My Fitness" service is advertised as a wellness tool providing workouts by Michaels as well as a customizable meal planner. As advertised, "My Fitness by Jillian Michaels gets your fit plan on track!" Further, Defendants claim that the "My Fitness" service is "[m]ore than a simple exercise apps [*sic*] this fully custom total fitness app builds around your health goals with a meal planner, and fitness tracker integration that dynamically modifies the exercise routines based on your input, health tracking and progress."

16.    Further, Defendants claim, "My Fitness by Jillian Michaels allows you to workout with or without equipment anytime, anyplace, on any device. From your phone, tablet, or even streaming the workouts to your tv, there is no excuse not to get your sweat on. "

17.    Defendants offer three subscriptions: monthly, three (3) months, or yearly. Before paying for a subscription, Defendants offer a seven (7) day free trial.

18.    For every recurring subscription, the consumer's payment method is charged at the time of initially purchasing the subscription, and thereafter, for ensuing consecutive months corresponding to the consumer's chosen frequency. For every type of subscription, thus, the consumer's payment method is automatically charged as part of the recurring subscription.

B.   **Plaintiff's Transaction**

19.    In or around January 2018, Plaintiff purchased a subscription to Defendants' "My Fitness" service and was offered a free seven (7) day trial. Upon signing up to the "My Fitness" service, Plaintiff was asked to fill in a payment method for the subscription, which Plaintiff did when prompted through Defendants' check-out process.

20.    After the seven (7) day free trial expired, Plaintiff's payment method was charged every month cycle of the subscription, and continues to be charged.

21.    Defendants' correspondence with Plaintiff did not disclose any clear and conspicuous way for Plaintiff to cancel the auto-renewal subscription or offer directions on how Plaintiff can cancel the auto-renewal subscription.

KRISTENSEN WEISBERG LLP
Attorneys for Plaintiffs

1       C.      **California Automatic Renewal Law, Cal. *Bus. & Prof. Code* §§ 17600–17606**

2       22.     On December 1, 2010, §§ 17600–17606 of Article 9 of Chapter 1 of Part 3, of

3   Division 7 of the California Business & Professions Code came into effect. The stated intent of

4   the Legislature of this Article was to end the practice of charging consumers' payment methods

5   **without the consumers' explicit consent for ongoing shipments of a product or ongoing**

6   **deliveries of service.** *See* Cal. *Bus. & Prof. Code* § 17600 (emphasis added).

7       23.     Cal. *Bus. & Prof. Code* § 17602(a) makes it unlawful for any business making

8   an automatic renewal or continuous service offer to a consumer in this state to do any of the

9   following:

10              a.  Fail to present the automatic renewal offer terms or continuous service offer

11                  terms in a clear and conspicuous manner "**before the subscription or**

12                  **purchasing agreement is fulfilled and in visual proximity**";

13              b.  Charge the consumer's credit or debit card or the consumer's account with a

14                  third party for an automatic renewal or continuous service **without first**

15                  **obtaining the consumer's affirmative consent** to the agreement containing

16                  the automatic renewal offer terms or continuous service offer terms;

17              c.  Fail to provide an acknowledgement that includes the automatic renewal or

18                  continuous offer terms, cancellation policy, and information regarding how

19                  to cancel in a manner that is capable of being retained by the consumer. If

20                  the offer includes a free trial, the business shall also disclose in the

21                  acknowledgment how to cancel and allow the consumer to cancel before the

22                  consumer pays for the goods or services.

23      24.     Cal. *Bus. & Prof. Code* § 17601(a) defines the term "Automatic renewal" as a

24  "plan or arrangement in which a paid subscription or purchasing agreement is automatically

25  renewed at the end of a definite term for a subsequent term."

26      25.     Cal. *Bus. & Prof. Code* § 17601(b) states that "'Automatic renewal offer terms'

27  means the following clear and conspicuous disclosures: (1) That the subscription or purchasing

28  agreement will continue until such consumer cancels. (2) The description of the cancellation

KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs

1   policy that applies to the offer. (3) The recurring charges that will be charged to the consumer's

2   credit or debit card or payment account with a third party as part of the automatic renewal plan

3   or arrangement, and that the amount of the charge may change, if that is the case, and the

4   amount of the charge will change, if known. (4) The length of the automatic renewal term or

5   that the service is continuous, unless the length of the term is chosen by the consumer. (5) The

6   minimum purchase obligation, if any."

7       26.     Cal. *Bus. & Prof. Code* § 17601(c) defines "clear and conspicuous" or "clearly

8   and conspicuously" to mean "in larger than the surrounding text, or in contrasting type, font, or

9   color to the surrounding text of the same size, or set off from the surrounding text of the same

10  size by symbols or other marks, in a manner that clearly calls attention to the language."

11      27.     Cal. *Bus. & Prof. Code* § 17603 provides: "In any case in which a business sends

12  any goods, wares, merchandise, or products to a consumer, under a continuous service

13  agreement or automatic renewal of a purchase, without first obtaining the consumer's

14  affirmative consent as described in Section 17602, the goods, wares, merchandise, or products

15  shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose

16  of the same in any manner he or she sees fit without any obligation whatsoever on the

17  consumer's part to the business, including, but not limited to, bearing the cost of, or

18  responsibility for, shipping any goods, wares, merchandise, or products to the business."

19      **D.     Defendants Do Not Provide Clear and Conspicuous Disclosures for Its Auto**

20  **Renewal Program as Required by Cal. *Bus. & Prof. Code* § 17602(a)(1)**

21      28.     Defendants failed to inform Plaintiff and the Class in clear and conspicuous

22  language, *i.e.*, "in larger type than the surrounding text, or in contrasting type, font, or color to

23  the surrounding text of the same size, or set off from the surrounding text of the same size by

24  symbols or other marks, in a manner that clearly calls attention to the language" that:

25              (1) The purchasing agreement will continue until the consumer cancels;

26              (2) Adequately describes the cancellation policy that applies to the offer;

27              (3) The recurring charges will be charged to the consumer's credit or debit card

28                  or payment account with a third party as part of the automatic renewal plan

KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs
KW

1         or arrangement, and that the amount of the charge may change, if that is the

2         case, and the amount to which the charge will change, if known.

3      (4) The length of the automatic renewal term or that the service is continuous,

4         unless the length of the term is chosen by the consumer.

5      (5) There is a minimum purchase obligation, if any.

6    **E.**    **Defendants Fail to Obtain Affirmative Consent to the Agreement**

7 **Containing the Automatic Renewal Offer Terms**

8     29.    Plaintiff and the Class were automatically enrolled in the Auto Renewal Program

9 for Defendants' "My Fitness" service without their "affirmative consent," within the meaning

10 of Cal. *Bus. & Prof. Code* § 17602(a)(1).

11     30.    Plaintiff and the Class did not affirmatively consent, sign up, or check a box to

12 be included in the Auto Renewal Program. Instead, Defendants imported the credit/debit card

13 information of Plaintiff and the Class into the Auto Renewal Program without their consent.

14 Defendants as well do not allow Plaintiff and the Class to delete this credit/debit card

15 information without providing other credit/debit card information.

16     31.    Plaintiff and the Class did not give their affirmative consent, within the meaning

17 of Cal. *Bus. & Prof. Code* § 17602(a)(1), to an agreement containing "automatic renewal offer

18 terms," with the necessary clear and conspicuous disclosures of terms, such as price terms.

19     32.    Despite never receiving affirmative consent from Plaintiff and the Class, and

20 without Plaintiff and the Class authorizing such charges, Defendant charged Plaintiff and the

21 Class for the renewal of the subscription to the "My Fitness" service.

22     33.    Accordingly, Defendants charged Plaintiff and the Class "without first obtaining

23 Plaintiff's and the Class' affirmative consent" to the agreement containing "the automatic

24 renewal offer terms or continuous service offer terms," with the necessary clear and

25 conspicuous disclosures of terms, such as price terms.

26     34.    As a result of the above, and in addition to violating other laws, as described

27 below, Defendants violated Cal. *Bus. & Prof. Code* § 17602(a)(2), and as such, all goods,

28 wares, merchandise, or products, sent to Plaintiff and the Class under the automatic renewal or

KRISTENSEN
WEISBERG, LLP
Attorneys for Plaintiffs

1    continuous service agreement are deemed to be an unconditional gift pursuant to Cal. *Bus. &*

2    *Prof. Code* § 17603, and Plaintiff and the Class may use or dispose of the same in any manner

3    they see fit without any obligation whatsoever on the consumer's part to the business,

4    including, but not limited to, bearing the cost of, "or responsibility for, shipping any goods,

5    wares, merchandise, or products to the business."

6      **F.**    **Defendants Fail to Provide an Acknowledgement as Required by Cal. *Bus.***

7          **& *Prof. Code* § 17602(a)(3)**

8      35.    Furthermore, and in addition to the above, after Plaintiff and the Class

9    subscribed to Defendants' "My Fitness" service, Defendants sent, and continue to send,

10    Plaintiff and the Class email correspondence. But those emails failed, and continue to fail, to

11    provide an acknowledgement that includes the automatic renewal and/or continuous service

12    offer terms, cancellation policy, and information on how to cancel in a manner that is capable of

13    being retained by Plaintiff and the Class, in violation of Cal. *Bus. & Prof. Code* § 17602(a)(3).

14    Moreover, Defendants failed to provide Plaintiff and the Class with an acknowledgement

15    regarding how to cancel the subscription and allow Plaintiff and Class Members to cancel

16    before payment.

17      **G.**    **Class Allegations**

18      36.    Plaintiff brings this action on behalf of herself and all other similarly situated, as

19    a class action pursuant to Cal. *Code Civ. Proc.* § 382. The proposed Class that Plaintiff seeks to

20    represent is composed of and defined as: all California residents who, within the applicable

21    statute of limitations period, purchased Defendants' "My Fitness" subscription and whose credit

22    cards or debit cards were automatically charged on a recurring basis as part of that subscription

23    within the relevant time period preceding the filing of this Complaint through the present (the

24    "Class") .and whose credit cards or debit cards were automatically charged on a recurring basis

25    for such subscription.

26      37.    This action has been brought and may properly be maintained as a class action

27    under Cal. *Code Civ. Proc.* § 382 because there is a well-defined community of interest in the

28    litigation, the Class is easily ascertainable, and Plaintiff is a proper representative of the Class:

KRISTENSEN WEISBERG, LLP
Attorneys for Plaintiffs
KW

1     a.      Numerosity: The potential members of the Class as defined are so

2  numerous and so diversely located throughout California that joinder of all the members of the

3  Class is impracticable. Members of the Class are dispersed throughout California. Joinder of all

4  members of the Class is therefore not practicable.

5     b.      Commonality: There are questions of law and fact common to Plaintiff

6  and the Class that predominate over any questions affecting only individual members of the

7  Class. These common questions of law and fact include, without limitation:

8          i.        Whether Defendants failed to present the automatic renewal offer

9                    terms, and/or continuous service offer terms, in a clear and

10                   conspicuous manner before the subscription or purchasing

11                   agreement was fulfilled and in visual proximity, or in the case of

12                   an offer conveyed by voice, in temporal proximity, to the request

13                   for consent to the offer in violation of Cal. *Bus. & Prof. Code* §

14                   17602(a)(1);

15         ii.       Whether Defendants charged Plaintiff's and the Class Members'

16                   credit or debit card or payment account with a third party for an

17                   automatic renewal and/or continuous service without first

18                   obtaining Plaintiff's and Class Members' affirmative consent to

19                   the automatic renewal offer terms and/or continuous service offer

20                   terms in violation of Cal. *Bus. & Prof. Code* § 17602(a)(2);

21         iii.      Whether Defendants failed to provide an acknowledgement that

22                   included the automatic renewal and/or continuous service offer

23                   terms, cancellation policy, and information on how to cancel in a

24                   manner that is capable of being retained by Plaintiff and Class

25                   Members, in violation of Cal. *Bus. & Prof. Code* § 17602(a)(3);

26         iv.       Whether Defendants' Auto Renewal Program contained the

27                   automatic renewal offer terms and/or continuous service offer

28                   terms as defined by Cal. *Bus. & Prof. Code* § 17601;

KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs
KW

| | | |
|---|---|---|
| 1 | v. | Whether Plaintiff and Class Members are entitled to restitution |
| 2 | | under Cal. *Bus. & Prof. Code* § 17200–17203; |
| 3 | vi. | Whether Plaintiff and Class Members are entitled to injunctive |
| 4 | | relief under Cal. *Bus. & Prof. Code* § 17535; |
| 5 | vii. | Whether Plaintiff and Class Members are entitled to attorneys' |
| 6 | | fees and costs under Cal. *Code Civ. Proc.* § 1021.5; and |
| 7 | viii. | The proper formula(s) for calculating restitution owed to Class |
| 8 | | Members. |

c.      Typicality: Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class Members were deprived of property rightly belonging to them, arising out of, and caused by, Defendants' common course of conduct in violation of law as alleged herein, in similar ways.

d.      Adequacy of Representation: Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class Members. Plaintiff's interests do not conflict with those of the Class Members. Counsel who represent Plaintiff are competent and experience in litigating large class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e.      Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Plaintiff and Class Members have suffered losses, or may suffer losses in the future, by reason of Defendants' unlawful policies and/or practices of not complying with Cal. *Bus. & Prof. Code* §§ 17600–17606. Certification of this case as a class action will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full restitution to Class Members, and will thereby effectuate California's strong public policy of protecting the California public from violations of its laws. If this action is not certified as a

KRISTENSEN
WEISBERG, LLP
Attorneys for Plaintiffs

1 | class action, it will be virtually impossible, as a practical matter, for many or most Class

2 | Members to bring individual actions to recover monies due from Defendant due to the relatively

3 | small amounts of such individual recoveries relative to the costs and burdens of litigation.

4 | **V.    CAUSES OF ACTION**

5 | <center>**FIRST CAUSE OF ACTION**</center>

6 | <center>VIOLATION OF THE CALIFORNIA AUTOMATIC RENEWAL LAW</center>

7 | <center>(CAL. *BUS. & PROF. CODE* §§ 17600–17604)</center>

8 | <center>**(Against All Defendants)**</center>

9 |     38.    Plaintiff hereby incorporates by reference and re-alleges each and every

10 | allegation set forth in each and every preceding paragraph of this Complaint, as though fully set

11 | forth herein.

12 |     39.    Cal. *Bus. & Prof. Code* § 17600–17606 provides:

13 |     "(a)    It shall be unlawful for any business making an automatic renewal or continuous

14 | service offer to a consumer in this state to do any of the following:

15 |         a.    Fail to present the automatic renewal offer terms or continuous service offer

16 |         terms in a clear and conspicuous manner before the subscription or

17 |         purchasing agreement is fulfilled and in visual proximity, or in the case of an

18 |         offer conveyed by voice, in temporal proximity, to the request for consent to

19 |         the offer.

20 |         b.    Charge the consumer's credit or debit card of the consumer's account with a

21 |         third party for an automatic renewal or continuous service without first

22 |         obtaining the consumer's affirmative consent to the agreement containing the

23 |         automatic renewal offer terms or continuous service offer terms."

24 | *Id.*

25 |     40.    Defendants charged, and continue to charge, Plaintiff and Class Members for the

26 | automatic renewal of Defendants' product without first obtaining Plaintiff and Class Members'

27 | affirmative consent to the agreement containing the automatic renewal offer terms, with the

28 | necessary clear and conspicuous disclosures of terms, such as price terms.

KRISTENSEN
WEISBERG, LLP
Attorneys for Plaintiffs

KW

1     41.    As a result of Defendants' violations of Cal. *Bus. & Prof. Code* § 17602(a)(1)–

2    (2), Defendants are liable to provide restitution to Plaintiff and Class Members under Cal. *Bus.*

3    *& Prof. Code* § 17603 in the amount equaling the total amounts charged to all Class Members

4    for auto-renewed services.

5                **SECOND CAUSE OF ACTION**

6         VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW

7           (CAL. *BUS. & PROF. CODE* §§ 17200, *ET SEQ.*)

8                **(Against All Defendants)**

9     42.    Plaintiff hereby incorporates by reference and re-alleges each and every

10   allegation set forth in each and every preceding paragraph of this Complaint, as though fully set

11   forth herein.

12     43.    Cal. *Bus. & Prof. Code* § 17200, *et seq.* (the "UCL"), prohibits unfair

13   competition in the form of any unlawful, unfair, or fraudulent business act or practice. Cal. *Bus.*

14   *& Prof. Code* § 17204 allows "any person who has suffered injury in fact and has lost money or

15   property" to prosecute a civil action for violation of the UCL. Such a person may bring such an

16   action on behalf of himself and others similarly situated who are affected by the unlawful,

17   unfair, or fraudulent business practice.

18     44.    Beginning at an exact date unknown to Plaintiff, but at least since the "My

19   Fitness" service was first offered to consumers, and continuing to the present, Defendants have

20   committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the

21   UCL, *inter alia*, by violating Cal. *Bus. & Prof. Code* § 17602(a)(1) and/or for the unlawful,

22   unfair, or fraudulent business acts or practices described more fully herein.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

KRISTENSEN
WEISBERG, LLP
Attorneys for Plaintiffs

45.     Defendants have profited from their unlawful, unfair and/or fraudulent business act or practice. Plaintiff and Class Members paid money for Defendants' "My Fitness" service, and as such suffered an injury in fact. Defendants violated Cal. *Bus. & Prof. Code* § 17602, thus pursuant to Cal. *Bus. & Prof. Code* § 17603, Plaintiff's and Class Members' subscriptions are deemed unconditional gifts. Yet, Defendant charged Plaintiff and Class Members for these unconditional gifts. Plaintiff and Class Members therefore suffered injury in the form of the fees paid for these unconditional gifts.

46.     Defendants received, and continue to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices.

47.     Plaintiff and similarly-situated Class Members are entitled to restitution pursuant to Cal. *Bus. & Prof. Code* § 17203

48.     Pursuant to Cal. *Bus. & Prof. Code* § 17204, Plaintiff seeks an order of this Court enjoining Defendants from continuing the auto renewal practices described herein as these practices constitute violations of the UCL. The general public will be irreparably harmed if such an order is not granted.

<div align="center">

**THIRD CAUSE OF ACTION**

VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT

(CAL. *CIV. CODE* § 1750, *ET SEQ.*)

**(Against All Defendants)**

</div>

49.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

50.     This cause of action is brought pursuant to the California Consumer Legal Remedies Act ("CLRA"), Cal. *Civ. Code* § 1750, *et seq.*

///

///



KRISTENSEN
WEISBERG, LLP
Attorneys for Plaintiffs

51.     Plaintiff and all of the members of the Class are "consumers" within the meaning of Cal. *Civ. Code* §§ 1761(d) and 1770(a) in that Plaintiff and all members of the Class purchased products from Defendants for personal, family, or household purposes.

52.     Through the conduct described more fully above, Defendants violated Cal. *Civ. Code* § 1770(a), in that Defendant failed to properly disclose its "auto-renewal" program terms and continuous services terms. Defendants, due to their inadequate disclosures:

a.   deceptively represent to consumers that their transactions involve a one-time fee, when in fact, Defendants later go on to charge consumers additional amounts in violation of § 1770(a)(4);

b.   represent that its goods or services "have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have" in violation of § 1770(a)(5);

c.   advertise "goods or services with intent not to sell them as advertised" in violation of § 1770(a)(9)'

d.   represent that "a transaction confers or involves rights, remedies, or obligations that it does not have or involved, or that are prohibited by law" in violation of § 1770(a)(14); and

e.   insert "an unconscionable provision in the contract" as Defendants' "auto-renewal" program terms are unconscionable because, among other reasons, they are not adequately disclosed, automatically charging consumers without their affirmative consent.

53.     Pursuant to Cal. *Civ. Code* § 1782(d), Plaintiff seeks a Court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

54.     Plaintiff seeks equitable and injunctive relief requiring, *inter alia*, that Defendants stop advertising its "auto-renewal" program.

55.     Pursuant to Cal. *Civ. Code* § 1780(d), filed concurrently herewith is an affidavit showing that this action has been commenced in the proper forum.

1    56.    Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendants in

2  writing of the particular violations of Section 1770 of the CLRA (the "Notice Letter"). If

3  Defendants fail to comply with Plaintiff's demands within thirty days of receipt of the Notice

4  Letter, pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to request

5  damages and other monetary relief under the CLRA.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW

### (CAL. *BUS. & PROF. CODE* §§ 17500, *ET SEQ.*)

### (Against All Defendants)

10    57.    Plaintiff hereby incorporates by reference and re-alleges each and every

11  allegation set forth in each and every preceding paragraph of this Complaint, as though fully set

12  forth herein.

13    58.    Cal. *Bus. & Prof. Code* § 17500 provides that "[i]t is unlawful for any . . .

14  corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to

15  enter into any obligation relating thereto, to make or disseminate or cause to be made or

16  disseminated . . . from this state before the public in any state, in any newspaper or other

17  publication, or any advertising device, or by public outcry or proclamation, or in any other

18  manner or means whatever, including over the Internet, any statement . . . which is untrue or

19  misleading, and which is known, or which by the exercise of reasonable care should be known,

20  to be untrue or misleading."

21    59.    As alleged above, Defendants failed to disclose the terms of its "auto-renewal"

22  and continuous service program in a clear and conspicuous manner when marketing its "My

23  Fitness" service.

24    60.    Thus, Defendants' statements are untrue, deceptive, and misleading within the

25  meaning of Cal. *Bus. & Prof. Code* §§ 17500, *et seq.* Defendants' statements, non-disclosures,

26  representations, acts and omissions are also likely to continue deceiving members of the Class

27  and the general public.

28  ///

KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs



KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs

61.   In making and disseminating the statements alleged herein, Defendants knew or should have known that the statements were untrue or misleading, and acted in violation of Cal. *Bus. & Prof. Code* §§ 17500, *et seq.*

62.   Defendants' misrepresentations and non-disclosures of the material facts detailed above constitute false and misleading advertising and, as such are a violation of Cal. *Bus. & Prof. Code* §§ 17500, *et seq.*

63.   As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff and the members of the Class suffered injury in fact and lost money or property. Plaintiff and the members of the Class reasonably relied upon Defendants' representations as discussed above. In reasonable reliance on Defendants' false advertising, Plaintiff and the members of the Class suffered injury in fact as a result.

64.   Through their deceptive acts and practices, Defendants have improperly and illegally obtained money from Plaintiff and members of the putative Class. As such, Plaintiff requests that this Court compel Defendants to restore this money to Plaintiff and members of the putative Class, and to enjoin Defendants from continuing to violate Cal. *Bus. & Prof. Code* §§ 17500, *et seq.*, as discussed above.

65.   Pursuant to Cal. *Bus. & Prof. Code* § 17535, Plaintiff requests that the Court order Defendants to fully disclose the true nature of its misrepresentations. Plaintiff also requests an order requiring Defendants to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendants by means of such acts of false advertising. Plaintiff and the putative Class will be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

66.   Plaintiff and the members of the Class seek declaratory relief, restitution, and disgorgement or all profits obtained.

///

///

///

///

## FIFTH CAUSE OF ACTION

### CONVERSION

### (Against All Defendants)

67.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

68.     Plaintiff and the Class owned, possessed, and had a right to possess the money used to pay Defendants for the "My Fitness" service.

69.     Defendants substantially interfered with Plaintiff's and the Class' property by knowingly or intentionally taking possession of Plaintiff's and the Class' money through the acts described above.

70.     Plaintiff and the Class did not consent.

71.     Plaintiff and the Class were harmed.

72.     As a direct and proximate result of Defendants' acts and/or omisions, Plaintiff and the members of the Class suffered injury in fact and lost money or property. Plaintiff and the members of the Class reasonably relied upon Defendants' representations as discussed above. Plaintiff and the members of the Class suffered injury in fact as a result.

73.     Defendants' conduct was a substantial factor in causing Plaintiff's and the Class' harm.

74.     Pursuant to Cal. *Civ. Code* § 3336, Plaintiff seeks the value of the property at the time of the conversion, "with interest from that time, or, an amount sufficient to indemnify [Plaintiff] for the loss which is the natural, reasonable and proximate result of the wrongful act complained of" and "[a] fair compensation for the time and money properly expended in pursuit of the property.

///

///

///

///

KRISTENSEN
WEISBERG, LLP
Attorneys for Plaintiffs

## SIXTH CAUSE OF ACTION

### RESTITUTION AND INJUNCTIVE RELIEF

(CAL. *BUS. & PROF. CODE* §§ 17535, *ET SEQ.*)

### (Against All Defendants)

75.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

76.     Cal. *Bus. & Prof. Code* § 17535 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. An individual aggrieved as such may bring an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice.

77.     Defendants have committed unlawful and/or unfair business acts and practices within the meaning of the UCL based on their violations of the Automatic Renewal Law, Cal. *Bus. & Prof. Code* §§ 17601, *et seq.*, as set forth above.

78.     As a direct and proximate result of Defendants' unlawful and/or unfair business acts and practices, described herein, Defendant has received and continues to hold unlawfully obtained money belonging to Plaintiff and the Class in the form of payments made by them for Defendants' "My Fitness" service subscription. Defendants have profited from their unlawful and unfair acts and practices in the amounts of those subscription payments and interest accrued thereon.

79.     Plaintiff and the Class are entitled to injunctive relief and/or restitution pursuant to Cal. *Bus. & Prof. Code* § 17535 and interest thereon for all monies paid by Class Members under the subscriptions through the date of such restitution, at rates specified by law. Defendants should be required to disgorge all profits and gains they have reaped and should be ordered to restore those profits and gains to Plaintiff and the Class, from whom they were unlawfully taken.

80.     Plaintiff and the Class are entitled to enforce all applicable penalty provisions pursuant to Cal. *Bus. & Prof. Code* § 17202.

KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs

81.    Plaintiff has assumed the responsibility of enforcement of the laws for the benefit of consumers by suing on behalf of herself and other similarly situated Class Members. Plaintiff's success in this action will enforce important rights affecting the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Cal. *Code Civ. Proc.* § 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. Certifying the Class as requested herein;

2. Providing such further relief as may be just and proper; and

3. Appointing Plaintiff and her counsel to represent the Class.

In addition, Plaintiff, and the Class Members pray for further judgment as follows:

4. Restitution of the funds improperly obtained by Defendants;

5. Any and all statutory enhanced damages;

6. All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

7. An award of exemplary/punitive damages;

8. For equitable and injunctive relief; and

9. Any and all other relief that this Court deems just and proper.

Dated:    August 17, 2018              KRISTENSEN WEISBERG, LLP

John P. Kristensen
David L. Weisberg
Christina M. Le
Jesenia A. Martinez
*Attorneys for Plaintiff and all other similarly situated*

1                         **DEMAND FOR JURY TRIAL**

2       Plaintiff hereby demands a trial by jury on all issues which may be tried by a jury.

3

4   Dated:     August 17, 2018                 KRISTENSEN WEISBERG, LLP

5

6

7                                       John P. Kristensen

8                                       David L. Weisberg

9                                       Christina M. Le

                                        Jesenia A. Martinez

10                                  *Attorneys for Plaintiff and all other*

                                      *similarly situated*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF LISA FRIEDMAN

I, Lisa Friedman, declare that if called as a witness, I could and would competently testify to the following facts:

1.    I submit this declaration pursuant to Section 1780(d) of the California Consumer Legal Remedies Act. I have personal knowledge of the matters set forth below and as a witness, I could and would be competent to testify thereto.

2.    It is my understanding that Jillian Michaels, EM Digital, LLC, and Empowered Media, LLC conduct regular and sustained business in Los Angeles County, California.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on August 17, 2018.

Lisa Friedman

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John P. Kristensen (SBN 224132)<br>Kristensen Weisberg, LLP<br>12540 Beatrice Street, Suite 200<br>Los Angeles, CA 90066<br>TELEPHONE NO.: 310-507-7924    FAX NO.: (310) 507-7906<br>ATTORNEY FOR *(Name):* Plaintiff Lisa Friedman | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 20 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Brittny Smith, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Friedman v. Michaels, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 717341 |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 17, 2018
John P. Kristensen
_____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Friedman v. Michaels, et al. | CASE NUMBER BC 717341 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: Friedman v. Michaels, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | | 2, 6 |
| | | ☐ A6032 Quiet Title | | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Friedman v. Michaels, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Friedman v. Michaels, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7.  ☐8. ☐9. ☐10. ☐11. | ADDRESS: 9100 Wilshire Boulevard, Suite 520E Beverly Hills, California 90212 |
|---|---|
| CITY: Beverly Hills | STATE: CA | ZIP CODE: 90212 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>August 17, 2018</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.


- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

<div align="center">

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

</div>

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       (INSERT DATE)                                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE | CASE NUMBER: |
|---|---|
| (pursuant to the Discovery Resolution Stipulation of the parties) | |

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| COURTHOUSE ADDRESS: |
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1.  At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2.  The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a.  Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b.  Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3.  All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date:  _____          _____
                                                        JUDICIAL OFFICER

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL – CLASS ACTION/COMPLEX

Your case is assigned for all purposes to the judicial officer indicated below.

Reserved for Clerk's File Stamp

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

AUG 20 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

CASE NUMBER **BC 717341**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Hon. Elihu M. Berle | 6 | 211 | | | | |
| | Hon. William F. Highberger | 10 | 10 | | | | |
| | Hon. John Shepard Wiley, Jr. | 9 | 9 | | | | |
| | Hon. Kenneth Freeman | 14 | 14 | | | | |
| | Hon. Ann Jones | 11 | 11 | | | | |
| | Hon. Maren E. Nelson | 17 | 17 | | | | |
| | Hon. Carolyn B. Kuhl | 12 | 12 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | Hon. Brian S. Currey | 15 | 15 |
| | | | | | *Provisional complex (non-class action) case assignment pending complex determination | 14 | Supervising Judge 14 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on ___AUG 2 0 2018___

SHERRI R. CARTER, Executive Officer/Clerk of Court

By ___Brittny Smith___, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**