# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-9414-GW(SSx) | Date | April 25, 2019 |
|---|---|---|---|
| Title | *Lisa Friedman v. Jillian Michaels, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jesenia A. Martinez | Richard S. Busch |

PROCEEDINGS:     **DEFENDANTS JILLIAN MICHAELS, EM DIGITAL, LLC, AND EMPOWERED MEDIA, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS [16]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court grants Defendants' motion as to Plaintiff's first and sixth claims, without leave to amend (though Plaintiff may amend her sixth claim to allege a quasi-contract claim, if appropriate). It also grants Defendants' motion in part - with leave to amend to add further detail as described above – with respect to Plaintiff's UCL/Section 17200, CLRA and FAL claims. The Court otherwise denies Defendants' motion. Plaintiff will file her amended complaint by May 16, 2019.

|  | : | 13 |
|---|---|---|
| Initials of Preparer | JG | |

***Friedman v. Michaels, et al.***, Case No. 2:18-cv-09414-GW-(SSx)
Tentative Ruling on Motion for Judgment on the Pleadings

## I. Background

On August 20, 2018, in Los Angeles County Superior Court, Lisa Friedman ("Plaintiff"), on behalf of a putative class, sued Jillian Michaels ("Michaels"), EM Digital, LLC, and Empowered Media, LLC ("Empowered") (collectively, "Defendants") for: 1) violation of the California Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600-17604, 2) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., 3) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq., 4) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq., 5) conversion, and 6) restitution and injunctive relief, pursuant to Cal. Bus. & Prof. Code §§ 17535, et seq.

The case concerns Defendants' automatic renewals of consumers' subscriptions to Defendants' "My Fitness" service without disclosing that feature of the transaction and without obtaining the consumers' affirmative consent. *See* Complaint ¶¶ 2, 28-33; *see also id.* ¶¶ 15-17 (describing the "My Fitness" service and available subscription plans); *id.* ¶¶ 29-31, 35, 40, 68-70. Friedman purchased a subscription in January 2018, and was asked to fill in a payment method. *See id.* ¶ 19. After a 7-day free trial expired, her chosen payment method was charged every month cycle, and continues to be so charged. *See id.* ¶ 20. Defendants' correspondence with Friedman also did not disclose any clear and conspicuous way for her to cancel the auto-renewal subscription. *See id.* ¶ 21; *see also id.* ¶ 28.

After having filed an Answer to the Complaint on November 12, 2018, *see* Docket No. 11, Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## II. Discussion

### A. Pertinent Procedural Standards

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is adjudged according to the same standards applicable to a motion brought under Rule 12(b)(6) of those rules. *See Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). Thus, in short, "[a] judgment on the pleadings is properly granted when, 'taking all the allegations in the

pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).

More specifically, under Rule 12(b)(6), a court must: (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013) (*en banc*).  The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).  However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In addition to the foregoing procedural standards, as a general rule this Court does not consider arguments raised for the first time in a Reply brief.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a

reply brief."). If an argument Defendants have raised is not addressed herein, it is because they ran afoul of this rule by raising it for the first time in their Reply brief.

### B. **Analysis**

1. Automatic Renewal Law Claim

Plaintiff's first cause of action is for violation of the California Automatic Renewal Law. Plaintiff concedes Defendants' argument that there is no private right of action for a claim directly under California's Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600-17604. The available authority on the question concurs. *See, e.g.*, *Lopez v. Stages of Beauty, LLC*, 307 F.Supp.3d 1058, 1065-69 (S.D. Cal. 2018); *McKee v. Audible, Inc.*, No. CV 17-1941-GW (Ex), 2017 WL 7388530, *17 n.8 (C.D. Cal. Oct. 26, 2017); *Roz v. Nestle Waters N. Am., Inc.*, No. 2:16-cv-04418-SVW-JEM, 2017 WL 132853, *1, 3-5 (C.D. Cal. Jan. 11, 2017). As such, the Court grants Defendants' motion with respect to that claim without leave to amend.

2. Michaels and Empowered

Defendants argue that Plaintiff has not pled a sufficient basis for naming Michaels and Empowered as defendants in this action. Two aspects of Defendants' argument in their opening brief are notable: 1) they rely on materials outside of the Complaint (with no citation to any exception allowing such consideration) and on rejections of the truth of the allegations in the Complaint, *see* Docket No. 16-1, at 5:9-23, 6:3-5; and 2) their argument concerns *Twombly/Iqbal* deficiencies in Plaintiff's alter ego allegations, *see id.* at 3:13-5:8, 5:24-6:15. The first issue runs afoul of basic Rule 12(b)(6) – and therefore Rule 12(c) – principles, and thus is an insufficient basis to rule in Defendants' favor on this issue. With respect to the second, whether or not Defendants are correct about the insufficiency of Plaintiff's *alter ego* allegations under a *Twombly/Iqbal* approach to the question, Plaintiff points out in her Opposition that her theories for attributing liability to Michaels and Empowered are not limited to an alter ego theory, but also include an agency theory. Defendants' did not contest the agency allegations in their opening brief, but only did so in their Reply brief, which is too late. *See Zamani*, 491 F.3d at 997.

For the foregoing reasons, the Court rejects Defendants' attempt, on this motion, to grant a judgment on the pleadings in favor of Michaels and/or Empowered.

3. Restitution/Injunctive Relief

Plaintiff's sixth claim for relief is labeled "Restitution and Injunctive Relief." Restitution and injunctive relief are not causes of action under California law. *See Astiana v. Hain Celestial*

*Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *Reid v. City of San Diego*, 24 Cal.App.5th 343, 362 (2018); *Ivanoff v. Bank of Am., N.A.*, 9 Cal.App.5th 719, 734 (2017).  Any *claim* by that name, therefore, is dismissed without leave to amend (though the Court does not at this time bar restitution or injunctive relief as accessible *remedies* in this case).  However, if Plaintiff wishes to amend her Complaint to re-style the claim as one for "quasi-contract," *see Astiana*, 783 F.3d at 762, she may do so, if appropriate.

      4.  UCL/Section 17200

      Defendants' argument as to why Plaintiff's Section 17200 claim is deficient is not entirely clear.  They first appear to argue that the claim would be barred if they are able to establish a good-faith defense.  Whether or not they are able to do so, such a defense does not appear on the face of the Complaint, which is what this Court is effectively limited to reviewing on this motion.

      They then appear to argue that Plaintiff must plead actual reliance (both as a substantive matter and for the UCL's standing/causation requirement) and do so in conformity with Federal Rule of Civil Procedure 9(b).[1]  In the Court's reading of the Complaint, Plaintiff has pled such reliance with the degree of particularity that can be expected in an omissions-based case such as this.  Plaintiff alleges that she purchased a "My Fitness" subscription at least in part relying in her purchasing decision, in effect, on the *lack* of a continuous-renewal term in light of the fact that Defendants failed to make such a disclosure.  *See* Complaint ¶¶ 19, 21, 42, 45; *see also, e.g., Noll v. eBay, Inc.*, 282 F.R.D. 462, 468 (N.D. Cal. Apr. 23, 2012) ("A plaintiff must plead reliance on alleged misstatements with particularity by alleging facts 'of sufficient specificity,' allowing a court to infer that 'misrepresentations caused injury to plaintiffs by inducing them to pay' for products or services.") (quoting *In re Actimmune Mktg. Litig.*, No. C 08-02376 MHP, 2009 WL 3740648, *11 (N.D. Cal. Nov. 6, 2009)).

      However, Defendants also argue that Plaintiff must differentiate between Defendants and identify which of them failed to make the necessary statements.  Of course, in an omissions case

---

[1] While noting that the action was originally filed in California state court (where the Federal Rules of Civil Procedure do not apply), Plaintiff admits that her UCL, CLRA and FAL claims are "grounded in fraud" and, as such, must be pled with the particularity required by Rule 9(b).  *See* Docket No. 17, at 12:6-7.  The Court agrees, *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009), though it also notes that this case presents the special circumstances attendant to an omission-based case.  "When a claim rests on allegations of fraudulent omission, . . . the Rule 9(b) standard is somewhat relaxed because 'a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act.'"  *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F.Supp.3d 1306, 1325 (C.D. Cal. 2013) (quoting *Cirulli v. Hyundai Motor Co.*, No. SACV 08-0854, 2009 WL 5788762, *4 (C.D. Cal. June 12, 2009)).

the answer is almost necessarily that *all of them* failed to do so, particularly where it is seemingly clear – as here – that Plaintiff appears to be relying on an agency theory (amongst others, potentially) of liability.  Nevertheless, it is clear to the Court that Plaintiff is principally charging a failure to make the desired statements at the time of her purchase of the "My Fitness" subscription and in later e-mails.  *See* Complaint ¶¶ 19, 21, 35.  The Court believes that Rule 9(b) requires Plaintiff to identify which defendant, in particular, she was communicating with at the time of the transaction and later e-mails.  The motion will therefore be granted in at least that regard, though with leave to amend.

     5.  CLRA

     Defendants' argument targeting Plaintiff's CLRA claim is that it too is governed by Rule 9(b) pleading standards, and that the claim falls short because Plaintiff has not identified which defendant violated the statute, has not pled the misrepresentations or omissions with any degree of particularity, has not pled the circumstances indicating the misrepresentation and/or omission was false, and has not pled reliance.  The Court has already addressed the identity-of-the-defendant and reliance issues above in connection with the UCL/Section 17200 claim.  As to the remainder of the arguments identified above, in large part, the Court agrees with Plaintiff's summary of her allegations at Docket No. 17, at 12:20-13:5, that she has pled enough, in almost all respects.  Insofar as the CLRA claim in particular is concerned, the omissions are described with as much particularity as possible for an omission in paragraphs 19, 21, 23, 28, 35, 49 and 52.  Finally, the omission was "false" because, in fact, the "My Fitness" service came with subscription features that were not disclosed.  *See* Complaint ¶¶ 2, 18, 20, 52.

     Beyond the pleading issue, Defendants appear to argue that Plaintiff is barred in her pursuit of restitution or disgorgement in connection with her CLRA claim, because of California Civil Code § 1782(b).[2]  Again, however, Defendants appear to be relying upon information that is not revealed on the face of the Complaint, and simply assert that "Plaintiff has failed to follow the notice requirement here."[3]  Docket No. 16-1, at 16:21.  They therefore cannot prevail upon this

---

[2] California Civil Code § 1782 requires a consumer to take certain steps 30 days or more prior to the commencement of an action for damages, and subsection 1782(b) precludes an action for damages under Civil Code § 1780 "if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice."  Cal. Civ. Code § 1782(b).

[3] Plaintiff, in response, does likewise.  *See* Docket No. 17, at 14:20-22.  This does not make reliance on the parties' extra-Complaint assertions (there being no actual documentation presented) any more appropriate in deciding this motion.

argument on this type of motion.

Plaintiff's CLRA claim is dismissed, with leave to amend, for the same reasons as her UCL/Section 17200 claim is dismissed with leave to amend.

6. <u>FAL/Section 17500</u>

With respect to Plaintiff's Section 17500 claim, Defendants again argue that the Rule 9(b) pleading standards apply. Here, they assert that Plaintiff has failed to satisfy the "who," "where" and "how" requirements, because she has not distinguished between defendants, and did not provide pictures of product labels along with a listing of each challenged statement along with an explanation(s) of why the statement was deceptive or fraudulent. Also similarly, Defendants assert that Plaintiff failed to allege reliance. The Court's ruling on Plaintiff's UCL/Section 17200 and CLRA claims will be applied in the same fashion here. *See* Complaint ¶¶ 18-21, 23, 28, 25, 57, 59-60, 63-64. Insofar as this is a case about a service, not a product, the Court declines to adopt Defendants' approach that would require Plaintiff to provide pictures of product labels.

7. <u>Conversion</u>

Defendants' sole properly-raised argument for why Plaintiff's conversion claim fails appears to be that, where a statutory remedy is provided, it is exclusive. But in doing so, they rely solely on claims for conversion where California's *Labor Code* has already provided a statutory remedy. This is not a Labor Code case, and Defendants have failed to cite to any Automatic Renewal Law, UCL, FAL or CLRA case reasoning likewise. As such, the Court denies the motion insofar as this claim is concerned.

## III. <u>Conclusion</u>

The Court grants Defendants' motion as to Plaintiff's first and sixth claims, without leave to amend (though Plaintiff may amend her sixth claim to allege a quasi-contract claim, if appropriate). It also grants Defendants' motion in part – with leave to amend to add further detail as described above – with respect to Plaintiff's UCL/Section 17200, CLRA and FAL claims. The Court otherwise denies Defendants' motion.