Richard S. Busch, SBN 319881
rbusch@kingballow.com
Paul H. Duvall, SBN 73699
pduvall@kingballow.com
D. Keith Kelly II, SBN 323469
kkelly@kingballow.com
**KING & BALLOW**
1999 Avenue of the Stars; Suite 1100
Century City, CA  90067
Telephone:  424.253.1255
Facsimile: 888.688.0482

Attorneys for Defendants
JILLIAN MICHAELS, EM DIGITAL,
LLC, and EMPOWERED MEDIA, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA FRIEDMAN, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JILLIAN MICHAELS, an individual; EM DIGITAL, LLC, a Florida Limited Liability Company; EMPOWERED MEDIA, LLC, a California Limited Liability Company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-09414-GW-SS<br><br>**CLASS ACTION**<br><br>**Honorable George H. Wu**<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' EXHIBITS SUBMITTED IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: September 16, 2019<br>Time: 8:30 a.m.<br><br>Complaint Filed: August 20, 2018<br>Removed: November 5, 2018<br>Trial Date: March 2, 2020 |

Defendants Jillian Michaels, EM Digital, LLC, and Empowered Media, LLC (collectively "Defendants") hereby oppose and respond to Plaintiff's evidentiary objections and/or motion to strike evidence (D.E. 36-2) submitted by Defendants in support of their Response in Opposition to Plaintiff's Motion for Class Certification (D.E. 33). Plaintiff's objections are without merit and should be overruled for the following reasons:

**1. To the extent that Plaintiff filed a Motion to Strike, this Court should deny Plaintiff's Motion to Strike Certain Evidence as it does not comply with Central District of California Local Rule 7-3.**

On September 2, 2019, Plaintiff filed Plaintiff's Evidentiary Objections to Defendants' Exhibits Submitted in Support of Their Response in Opposition to Plaintiff's Motion for Class Certification. In this filing, Plaintiff "moves to strike . . . evidence submitted by defendants . . ." (D.E. 36-2 at *2). To the extent that this filing is a motion to strike, this Court should deny the Motion as it does not comply with Central District of California Local Rule 7-3. C.D. (Cal. L.R. 7-3.)

Central District of California Local Rule 7-3 states that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." *Id.* The rule further states that the conference "shall take place at least seven (7) days prior to the filing of the motion." *Id.* If the parties are unable to resolve their differences, counsel for the moving party must include the following statement in the notice of motion: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." *Id.* In this case, Plaintiff's motion to strike did not contain the required statement confirming that a meet-and-confer had taken place. Further, Plaintiff's counsel did not request to, nor did they meet or confer with Defendants' counsel regarding the motion to strike certain evidence. As such, to the extent that this filing is a motion to strike any evidence, this Court should deny

the motion as it does not comply with Central District of California Local Rule 7-3.

**2. Specific Responses to Plaintiff's Objections to Defendants' Exhibits Submitted in Support of Their Response in Opposition to Plaintiff's Motion for Class Certification.**

| No. | Material Objected to: | Grounds for Objection: | Response: | Ruling: |
|-----|----------------------|------------------------|-----------|---------|
| 1. | Exhibit 5: *Forbes* article titled "Phoney Lawsuits: Attorneys Accused of Racketeering Manufactured Claims" | (1) Relevance; (2) Lacks Foundation; (3) Fed. R. Evid. 801(c) Hearsay and hearsay within hearsay | (1) Defendants challenge that Plaintiff is an adequate class representative due in part to her husband's, attorney Todd Friedman, apparent involvement with this litigation and potential coordination with Plaintiff's counsel in creating this litigation. Evidence turned over on September 10, 2019, by Plaintiff further supports this argument as it reveals that Todd Friedman was the individual who initiated the lawsuit. (*See* Declaration D. Keith Kelly II, ¶ 2, Ex. 1 – LF 46 – April 16, 2018 email from Todd Friedman to "Paralegal 1" cc John Kristensen – "Please open a class action for lisa and open. John I will need an agreement from your office.") Defendants suspect based on the evidence provided to date that there are an untold number of additional emails between Mr. Friedman and Plaintiff's counsel, | Sustained: ___ Overruled: ___ |

3

relating to this litigation which have not been produced and further support Defendants' theory.

The referenced article is relevant as it discusses other instances in which Todd Friedman has been previously accused of assisting others in filing frivolous litigation. Pursuant to Fed. R. Evid. 401(a), "Evidence is relevant if: it has any tendency to make a fact more or less probable than it would be without the evidence." Here, the evidence presented is relevant as it goes towards the above points and demonstrates that Plaintiff and/or Plaintiff's counsel are not adequate representatives for the class.

(2) Pursuant to Fed. R. Evid. 902(6) Newspapers and Periodicals are deemed self-authenticating. As discussed above, the article is relevant for a number of reasons relating to the adequacy of representation allegations. Last, the foundation for this document was set forth in Defendants' Opposition which further addresses the above adequacy points.

(3) The article is not submitted for the truth of the matter asserted in the article, instead it is submitted to show that an article has been written regarding allegations raised

| | | | | |
|---|---|---|---|---|
| | | | against Attorney Todd Friedman. As such, it is not hearsay as defined by Fed. R. Evid. 801(c) | |
| 2. | Exhibit 6: Eric J. Troutman article titled "Firestarter: TCPA World's Most Adventurous Frequent Flyer—Todd Friedman—Joins Second Episode of Unpresented Podcast" | (1) Relevance; (2) Lacks Foundation; (3) Fed. R. Evid. 801(c) Hearsay and hearsay within hearsay | (1) Defendants challenge that Plaintiff is an adequate class representative due in part to her husband's, attorney Todd Friedman, apparent involvement with this litigation and potential coordination with Plaintiff's counsel in creating this litigation. Evidence turned over on September 10, 2019 by Plaintiff further supports this argument as it shows that Todd Friedman was the individual who initiated the lawsuit. (*See* Declaration D. Keith Kelly II, ¶ 2, Ex. 1 – LF 46 – April 16, 2018 email from Todd Friedman to "Paralegal 1" cc John Kristensen – "Please open a class action for lisa and open. John I will need an agreement from your office.") There are an untold number of emails between Mr. Friedman and Plaintiff's counsel, a few of which have just been produced. The referenced article is relevant as it discusses other instances in which Todd Friedman has been previously accused of assisting others in filing frivolous litigation. Further, this article merely | Sustained: ___ Overruled: ___ |

5

| | | | quotes Todd Friedman during a public interview with the law firm Squire Patton Boggs. The audio from that interview is publicly available at: https://soundcloud.com/user-296303717/episode-2-todd-friedman-atds-definition-willfulness-fcc-developments. Pursuant to Fed. R. Evid. 401(a), "Evidence is relevant if: it has any tendency to make a fact more or less probable than it would be without the evidence." Here, the evidence presented is relevant as it goes towards the above points and demonstrates that Plaintiff and/or Plaintiff's counsel are not adequate representatives for the class. | |
|---|---|---|---|---|

(2) Pursuant to Fed. R. Evid. 902(6) Newspapers and Periodicals are deemed self-authenticating. As discussed above, the article is relevant for a number of reasons relating to the adequacy of representation allegations. Last, the foundation for this document was set forth in Defendants' Opposition which further addresses the above adequacy points.

(3) The article is not submitted for the truth of the matter asserted in the article, instead it is submitted to show that an article has been written regarding allegations raised against Attorney Todd

6

| | | | | |
|---|---|---|---|---|
| 1 | | | | Friedman. As such, it is not hearsay as defined by Fed. R. Evid. 801(c) | |
| 3. | Exhibit 7: Information relating to the My Fitness by Jillian Michaels website, Bates stamped EM 207-224 | (1) Has not been authenticated (2) Lacks foundation, (3) Fed. R. Evid. 801(c) Hearsay and Hearsay within Hearsay | (1) Exhibit 7 consists of several screenshots capturing the homepage of www.jillianmichaels.com from March 30, 2017, through July 27, 2019. As evidenced by the screenshots, they were pulled from the "Wayback Machine" located at https://archive.org/web.  The Wayback Machine works by crawling over the web with bots that automatically fetch as many pages as they can find and store it all in a searchable public database, effectively snapshotting the world's websites on a given day. A number of California courts have found records generated from the Wayback machine to satisfy the authenticity requirement. *See e.g. In re Packaged Seafood Prods. Antitrust Litig.,* 338 F. Supp. 3d 1118, 1132 n.8 (S.D. Cal. 2018)*; See also Larsen v. Vizio, Inc.,* No. SACV 14-01865-CJC(JCGx), 2017 U.S. Dist. LEXIS 116195, at *16 (C.D. Cal. June 26, 2017). As further supported by the Supplemental Declaration of | Sustained: ___ Overruled: ___ |

Kenneth Lancaster, he personally pulled the challenged document from the Wayback Machine for production and can further attest that the document is an accurate representation of the website as of the date pulled based on his personal knowledge. *See* Supplemental Declaration of Kenneth Lancaster at ¶ 2.

(2) Kenneth Lancaster's Supplemental Declaration further supports the foundation of this document as discussed above. Kenneth Lancaster personally pulled these documents from the Wayback Machine and can attest that they are accurate representations of the website at that time based on his personal knowledge. *See* Supplemental Declaration of Kenneth Lancaster at ¶ 2.

(3) As it relates to hearsay, the images in Exhibit 7 are not offered for the truth of the matter asserted in the images, instead they are offered to show what a user would see when viewing the website. *See Larsen v. Vizio, Inc.*, No. SACV 14-01865-CJC(JCGx),

| | | | 2017 U.S. Dist. LEXIS 116195, at *16 (C.D. Cal. June 26, 2017) ("[C]opies of the webpage are not hearsay. [Defendant] is not offering the copies of the webpage for the truth of the matters asserted in them. Rather, [Defendant] is offering the copies of the webpage to show what specific statements the webpage contained.") | |
| 4. | Exhibit 8: Information relating to the My Fitness by Jillian Michaels website, Bates stamped EM 253-256 | (1) Has not been authenticated (2) Lacks foundation, (3) Fed. R. Evid. 801(c) Hearsay and Hearsay within Hearsay | (1) Exhibit 8 consists of several screenshots capturing the homepage of www.jillianmichaels.com on January 4, 2018, and August 24, 2018. As evidenced by the screenshots, they were pulled from the "Wayback Machine." The Wayback Machine works by crawling over the web with bots that automatically fetch as many pages as they can find and store it all in a searchable public database, effectively snapshotting the world's websites on a given day. A number of California courts have found records generated from the Wayback machine to satisfy the authenticity requirement. *See e.g. In re Packaged Seafood Prods. Antitrust Litig.,* 338 F. Supp. | Sustained:<br><br>———<br><br>Overruled:<br><br>——— |

| | | | | |
|---|---|---|---|---|
| 1 | | | | 3d 1118, 1132 n.8 (S.D. Cal. |
| 2 | | | | 2018); *See also Larsen v.* |
| 3 | | | | *Vizio, Inc.,* No. SACV 14-01865-CJC(JCGx), 2017 U.S. |
| 4 | | | | Dist. LEXIS 116195, at *16 |
| 5 | | | | (C.D. Cal. June 26, 2017). As further supported by the |
| 6 | | | | Supplemental Declaration of |
| 7 | | | | Kenneth Lancaster, he |
| 8 | | | | personally pulled the |
| 9 | | | | challenged document from the Wayback Machine for |
| 10 | | | | production and can further |
| 11 | | | | attest that the document is an |
| 12 | | | | accurate representation of the website as of the date pulled |
| 13 | | | | based on his personal |
| 14 | | | | knowledge. *See* Supplemental |
| 15 | | | | Declaration of Kenneth Lancaster at ¶ 3. |
| 16 | | | | (2) Kenneth Lancaster |
| 17 | | | | personally pulled these |
| 18 | | | | documents from the Wayback Machine and can attest that |
| 19 | | | | they are accurate |
| 20 | | | | representations of the website |
| 21 | | | | at that time based on his personal knowledge. *See* |
| 22 | | | | Supplemental Declaration of |
| 23 | | | | Kenneth Lancaster at ¶ 3. |
| 24 | | | | (3) As it relates to hearsay, the images in Exhibit 8 are not |
| 25 | | | | offered for the truth of the |
| 26 | | | | matter asserted in the images, instead they are offered to |
| 27 | | | | show what a user would see |
| 28 | | | | |

10

| | | | | when viewing the website. *See Larsen v. Vizio, Inc.*, No. SACV 14-01865-CJC(JCGx), 2017 U.S. Dist. LEXIS 116195, at *16 (C.D. Cal. June 26, 2017) ("[C]opies of the webpage are not hearsay. [Defendant] is not offering the copies of the webpage for the truth of the matters asserted in them. Rather, [Defendant] is offering the copies of the webpage to show what specific statements the webpage contained.") | |
|---|---|---|---|---|
| 5. | Exhibit 9: Data relating to Plaintiff's My Fitness by Michaels account | (1) Has not been authenticated (2) Lacks foundation, (3) Fed. R. Evid. 801(c) Hearsay and Hearsay within Hearsay | (1) Exhibit 9 is the data log file automatically generated by the "My Fitness by Jillian Michaels" system. Data logs are automatically created for each new user account when they sign up for the "My Fitness by Jillian Michaels" service. Exhibit 9 is the data log created by the system for Plaintiff Lisa Friedman. The website tracks various events such as automated emails, user logins, and other various user activity and/or system related logging events. Such events are attached to each corresponding user's account. As set forth in the Supplemental Declaration of Kenneth Lancaster, Mr. Lancaster personally requested and reviewed the database pull on any recorded system events such as automated email messages, logins, password | Sustained: ___ Overruled: ___ |

11

| | | | | |
|---|---|---|---|---|
| | | | resets, and anything else that might have been recorded for Plaintiff's account. *See* Declaration of Kenneth Lancaster at ¶ 4.<br><br>(2) Kenneth Lancaster's Supplemental Declaration further supports the foundation of this document as discussed above. *See* Supplemental Declaration of Kenneth Lancaster at ¶ 4.<br><br>(3) As it relates to hearsay, the images in Exhibit 9 are not offered for the truth of the matter asserted in the images, instead they are offered to show what a user would see when viewing the website. *See Larsen v. Vizio, Inc*., No. SACV 14-01865-CJC(JCGx), 2017 U.S. Dist. LEXIS 116195, at *16 (C.D. Cal. June 26, 2017) ("[C]opies of the webpage are not hearsay. [Defendant] is not offering the copies of the webpage for the truth of the matters asserted in them. Rather, [Defendant] is offering the copies of the webpage to show what specific statements the webpage contained.") | |
| 6. | Exhibit 10: Information relating to the My Fitness by Jillian Michaels Website, Bates stamped EM 276 | (1) Has not been authenticated, (2) Lacks foundation, and (3) Fed. R. Evid. 801(c) Hearsay and | (1) Exhibit 10 consists of a screenshot capturing the help page for www.jillianmichaels.com as it appeared on September 8, 2018. As evidenced by the screenshot, it was pulled from | Sustained:<br><br>———<br><br>Overruled: |

| 1 | | | Hearsay within Hearsay | the "Wayback Machine."  The Wayback Machine works by crawling over the web with bots that automatically fetch as many pages as they can find and store it all in a searchable public database, effectively snapshotting the world's websites on a given day. A number of California courts have found records generated from the Wayback Machine to satisfy the authenticity requirement. *See e.g. In re Packaged Seafood Prods. Antitrust Litig.,* 338 F. Supp. 3d 1118, 1132 n.8 (S.D. Cal. 2018)*; See also Larsen v. Vizio, Inc.,* No. SACV 14-01865-CJC(JCGx), 2017 U.S. Dist. LEXIS 116195, at *16 (C.D. Cal. June 26, 2017). As further supported by the Supplemental Declaration of Kenneth Lancaster, he personally pulled the challenged document from the Wayback Machine for production and can further attest that the document is an accurate representation of the website as of the date pulled based on his personal knowledge. *See* Supplemental Declaration of Kenneth | ___ |

13

Lancaster at ¶5.

(2) Kenneth Lancaster's Supplemental Declaration further supports the foundation of this document as discussed above. Kenneth Lancaster personally pulled these documents from the Wayback Machine and can attest that they are accurate representations of the website at that time based on his personal knowledge. *See* Supplemental Declaration of Kenneth Lancaster at ¶ 5.

(3) As it relates to hearsay, the images in Exhibit 10 are not offered for the truth of the matter asserted in the images, instead they are offered to show what a user would see when viewing the website. For the reasons discussed above, images offered to show what a user would see when viewing the website are not hearsay. *See Larsen v. Vizio, Inc.*, No. SACV 14-01865-CJC(JCGx), 2017 U.S. Dist. LEXIS 116195, at *16 (C.D. Cal. June 26, 2017) ("[C]opies of the webpage are not hearsay. [Defendant] is not offering the copies of the webpage for the truth of the matters asserted in them. Rather, [Defendant] is offering the copies of the webpage to show what specific statements the webpage contained.")

14

DEFENDANTS' RESPONSES TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' EXHIBITS SUBMITTED IN
SUPPORT OF THEIR RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

| 7. | Exhibit 11: Information relating to the My Fitness by Jillian Michaels Website, Bates stamped EM 186-189 | (1) Has not been authenticated, (2) Lacks foundation, and (3) Hearsay and hearsay within hearsay | (1) Exhibit 11 is a compilation of screenshots pulled from the www.jillianmichaels.com webpage. As set forth in the Supplemental Declaration of Kenneth Lancaster, he personally pulled these screenshots directly from the www.jillianmichaels.com webpage and can attest that they are true and accurate copies of the webpage as of the date they were pulled in 2018. Further, the copy of the email included on page 5, is a true and accurate copy of the welcome email sent to all users. This copy is an example email which Mr. Lancaster generated and sent to Julie White for representation purposes. *See* Supplemental Declaration of Kenneth Lancaster at ¶ 6.<br>(2) Kenneth Lancaster personally pulled these documents from the MY Fitness by Jillian Michaels website and can attest that they are accurate representations of the website at that time based on his personal knowledge. Further Mr. Lancaster can attest to the accuracy of the email contained on pg. 5. *See* Supplemental Declaration of Kenneth Lancaster at ¶ 6.<br>(3) As it relates to hearsay, the images in Exhibit 11 are not offered for the truth of the matter asserted in the images, | Sustained:<br><br>___<br><br>Overruled:<br><br>___ |

| | | | | |
|---|---|---|---|---|
| | | | instead they are offered to show what a user would see when viewing the website at the time the images were captured. For the reasons discussed above, images offered to show what a user would see when viewing the website are not hearsay. *See Larsen v. Vizio, Inc*., No. SACV 14-01865-CJC(JCGx), 2017 U.S. Dist. LEXIS 116195, at *16 (C.D. Cal. June 26, 2017) ("[C]opies of the webpage are not hearsay. [Defendant] is not offering the copies of the webpage for the truth of the matters asserted in them. Rather, [Defendant] is offering the copies of the webpage to show what specific statements the webpage contained.") The additional commentary created by Kenneth Lancaster merely serves as a narrative to highlight the images on the page. | |
| 8. | Exhibit 12: Information relating to the My Fitness by Jillian Michaels Website, Bates stamped EM 259 | (1) Has not been authenticated, (2) Lacks foundation, (3) Hearsay and hearsay within hearsay | (1) Exhibit 12 consists of a screenshot capturing a portion of the www.jillianmichaels.com/app website as of January 5, 2018. As evidenced by the screenshot, it was pulled from the "Wayback Machine." The Wayback Machine works by crawling over the web with bots that automatically fetch as | Sustained: ——— Overruled: ——— |

many pages as they can find and store it all in a searchable public database, effectively snapshotting the world's websites on a given day. A number of California courts have found records generated from the Wayback machine to satisfy the authenticity requirement. *See e.g. In re Packaged Seafood Prods. Antitrust Litig.,* 338 F. Supp. 3d 1118, 1132 n.8 (S.D. Cal. 2018)*; See also Larsen v. Vizio, Inc.,* No. SACV 14-01865-CJC(JCGx), 2017 U.S. Dist. LEXIS 116195, at *16 (C.D. Cal. June 26, 2017). As further supported by the Supplemental Declaration of Kenneth Lancaster, he personally pulled the challenged document from the Wayback Machine for production and can further attest that the document is an accurate representation of the website as of the date pulled based on his personal knowledge. *See* Supplemental Declaration of Kenneth Lancaster at ¶ 7.

(2) Kelly's Declaration is sufficient to establish authenticity and foundation as he is a witness with knowledge

17

| | | | pursuant to Fed. R. Evid. 901(b)(1). Kenneth Lancaster's Supplemental Declaration further supports the foundation of this document as discussed above. *See* Supplemental Declaration of Kenneth Lancaster at ¶ 7. (3) As it relates to hearsay, the images in Exhibit 12 are not offered for the truth of the matter asserted in the images, instead they are offered to show what a user would see when viewing the website. For the reasons discussed above, images offered to show what a user would see when viewing the website are not hearsay. *See Larsen v. Vizio, Inc*., No. SACV 14-01865-CJC(JCGx), 2017 U.S. Dist. LEXIS 116195, at *16 (C.D. Cal. June 26, 2017) ("[C]opies of the webpage are not hearsay. [Defendant] is not offering the copies of the webpage for the truth of the matters asserted in them. Rather, [Defendant] is offering the copies of the webpage to show what specific statements the webpage contained.") | |

1

Dated September 12, 2019

Respectfully Submitted,

2

/s/ Richard S. Busch

3

Richard S. Busch
Attorney for Defendants

4

JILLIAN MICHAELS,
EM DIGITAL, LLC and

5

EMPOWERED MEDIA, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSES TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' EXHIBITS SUBMITTED IN
SUPPORT OF THEIR RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION