John P. Kristensen (SBN 224132)
Jesenia A. Martinez (SBN 316969)
Jacob J. Ventura (SBN 315491)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Facsimile:  310-507-7906
*john@kristensenlaw.com*
*jesenia@kristensenlaw.com*
*jacob@kristensenlaw.com*

***Attorneys for Plaintiff Lisa Friedman
and all others similarly situated***

## THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LISA FRIEDMAN, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>JILLIAN MICHAELS, an individual; EM DIGITAL, LLC, a Florida Limited Liability Company; EMPOWERED MEDIA, LLC, a California Limited Liability Company; and DOES 1–100, inclusive,<br><br>Defendants. | ) Case No.: 2:18-cv-09414-GW-SS<br>)<br>) **CLASS ACTION**<br>)<br>) **Assigned to Hon. George H. Wu**<br>)<br>) **PLAINTIFF LISA FRIEDMAN'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br>)<br>) Date:          March 9, 2020<br>) Time:          8:30 a.m.<br>) Courtroom:  9D<br>)<br>) Complaint Filed:  August 20, 2018<br>) Removed:          November 5, 2018<br>) Notice of Settlement: December 2, 2019 |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 9, 2020, at 8:30 a.m., in Courtroom 9D of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, plaintiff Lisa Friedman ("Plaintiff"), for herself and all other similarly situated, will move this Court for an order granting preliminary approval of the class action settlement as detailed in Plaintiff's Memorandum of Points and Authorities.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declaration and exhibits thereto, the pleadings, and all other papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

Dated:  February 7, 2020                    Respectfully submitted,

                              By:  */s/ John P. Kristensen*
                                   _____

                                   John P. Kristensen (SBN 224132)
                                   *john@kristensenlaw.com*
                                   Jesenia A. Martinez (SBN 316969)
                                   *jesenia@kristensenlaw.com*
                                   Jacob J. Ventura (SBN 315491)
                                   **KRISTENSEN LLP**

                                   ***Attorneys for Plaintiff and all others similarly situated***

1

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-3</u>

Plaintiff Lisa Friedman's counsel certifies that prior to the filing of the instant motion, all parties, through counsel, met and conferred pertaining to the subject matter of the instant motion on January 24, 2020. Defendants EM Digital, LLC, Empowered Media, LLC, and Jillian Michaels do not oppose this motion.

Dated:  February 7, 2020                    Respectfully submitted,

By:  */s/ John P. Kristensen*
_____

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
Jesenia A. Martinez (SBN 316969)
*jesenia@kristensenlaw.com*
Jacob J. Ventura (SBN 315491)
**KRISTENSEN LLP**

*Attorneys for Plaintiff and all others
similarly situated*

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

I.   INTRODUCTION .................................................. 1

II.  STATEMENT OF FACTS .......................................... 3

     A.   Factual Background .................................... 3

     B.   Procedural Posture ................................... 4

III. THE SETTLEMENT ............................................. 5

     A.   Settlement Benefits .................................. 5

     B.   Scope of Release ..................................... 7

     C.   Opportunity to Opt Out and Object .................... 7

     D.   Class Representative's Application for Incentive Award ...... 8

     E.   Class Counsel's Application for Fees, Costs, and
          Expenses ............................................. 8

IV.  ARGUMENT ................................................... 8

     A.   Standard for Preliminary Approval of Class Action
          Settlement ........................................... 8

          1.   Liability Is Highly Contested and Both Sides
               Face Significant Challenges in Litigating This
               Case ........................................... 11

          2.   Defendants' Agreement to Provide Cash
               Payments to Class Members and Injunctive
               Relief, Provides a Fair and Substantial Benefit
               to the Class ................................... 12

          3.   The Settlement Was Reached As the Result of
               Arms-Length Negotiation, Without Collusion ..... 14

          4.   Experienced Counsel Have Determined That
               the Settlement Is Appropriate and Fair to the
               Class .......................................... 14

     B.   The Proposed Method of Class Notice Is Appropriate ........ 14

     C.   The Court Should Appoint KCC as the Settlement
          Administrator ........................................ 18

     D.   A Final Approval Hearing Should Be Scheduled ........... 18

V.   CONCLUSION ................................................. 19

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Boyd v. Bechtel Corp.*,
    485 F. Supp. 610 (N.D. Cal. 1979) ............................................................10

*Dennis v. Kellogg Co.*,
    697 F.3d 858 (9th Cir. 2012)......................................................................13

*Dukes v. Wal-Mart Stores, Inc.*,
    603 F.3d 571 (9th Cir. 2010)......................................................................13

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)........................................................9, 10, 15

*Hopson v. Hanesbrands Inc.*,
    Case No. CV-08-0844 EDL, 2009 WL 928133
    (N.D. Cal. Apr. 3, 2009)............................................................................12

*In re EasySaver Rewards Litig.*,
    921 F. Supp. 2d 1040 (S.D. Cal. 2013) .....................................................13

*In re Global Crossing Sec. and ERISA Litig.*,
    225 F.R.D. 436 (E.D. Pa. 2000) ................................................................13

*In re Mego Fin'l Corp. Sec. Litig.*,
    213 F. 3d 454 (9th Cir. 2000)....................................................................14

*In re Omnivision Tech., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008).........................................13

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*,
    163 F.R.D. 200 (S.D.N.Y. 1995)..................................................................9

*In re Wireless Facilities, Inc. Sec. Litig. II*,
    253 F.R.D. 607 (S.D. Cal. 2008)...............................................................14

*Kirkorian v. Borelli*,
    695 F.Supp. 446 (N.D. Cal.1988) .............................................................10

*Lane v. Facebook, Inc.*,
    709 F.3d 791 (9th Cir. 2013) ........................................................................13

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ....................................................................10

*Lo v. Oxnard European Motors, LLC*,
    No. 11CV1009 JLS MDD, 2012 WL 1932283
    (S.D. Cal. May 29, 2012) ...........................................................................15

*Marshall v. Holiday Magic, Inc.*,
    550 F.2d 1173 (9th Cir. 1977) ....................................................................16

*Molski v. Gleich*,
    318 F.3d 937 (9th Cir. 2003) ......................................................................13

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ...................................................................................15

*Nachshin v. AOL, LLC*,
    663 F.3d 1034 (9th Cir. 2011) ....................................................................13

*National Rural Tele. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ...............................................................13

*Officers for Justice v. Civil Service Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ..................................................................9, 10

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*,
    323 F. Supp. 364 (E.D. Pa. 1970) ..............................................................10

*Roes, 1-2 v. SFBSC Management, LLC*,
    944 F.3d 1035 (9th Cir. 2019) ....................................................................17

*Schaffer v. Litton Loan Servicing, LP*,
    CV 05-07673 MMM JCX, 2012 WL 10274679 (C.D. Cal. Nov. 13, 2012)15

*Shames v. Hertz Corp.*,
    Case No. 07-CV-2174-MMA WMC, 2012 WL 5392159
    (S.D. Cal. Nov. 5, 2012) .............................................................................12

*Torrisi v. Tucson Electric Power Co.*,
        8 F.3d 1370 (9th Cir. 1993)........................................................................16

*Utility Reform Project v. Bonneville Power Admin.*,
        869 F.2d 437 (9th Cir. 1989)......................................................................9

*West Va. v. Chas. Pfizer & Co.*,
        440 F.2d 1079 (2d Cir. 1971)....................................................................10

**Statutes**

Cal. *Bus. & Prof. Code* §§ 17200, *et seq.*.....................................................4, 7

Cal. *Bus. & Prof. Code* §§ 17500, *et seq.*.....................................................4, 7

Cal. *Bus. & Prof. Code* §§ 17600, *et seq.*.............................................2, 5, 6, 7

Cal. *Civ. Code* §§ 1750, *et seq.* ..................................................................4, 7

**Rules**

Fed. R. Civ. P. 23......................................................................................8, 14, 15

**Treatises**

4 Herbert B. Newberg, *Newberg on Class Actions* § 11.25 *et seq.*, and § 13.64 (4th
        ed. 2002 and Supp. 2004).............................................................................8

5 James Wm. Moore, *Moore's Federal Practice – Civil* § 23.165[3] (3d ed.)....10

*Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004) § 21.63, *et
        seq.*..................................................................................................8, 9, 10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Lisa Friedman ("Plaintiff"), individually and on behalf of the certified Class, hereby submits this motion for preliminary approval of a proposed settlement ("Settlement") of this action (the "Litigation"). Defendants EM Digital, LLC, Empowered Media, LLC, and Jillian Michaels (collectively, "Defendants") do not oppose Plaintiff's motion. Plaintiff and Defendants shall collectively be referred to herein as the "Parties." The terms of the Settlement are set forth in the Settlement Agreement and Release (the "Agreement").[1] *See* Declaration of John P. Kristensen ("Kristensen Decl.") ¶¶ 3, Exhibit ("Ex.") A.

The Settlement resulted from the Parties' extended arm's-length settlement discussions. The Settlement provides for a substantial financial benefit to each Class Member ("Member") as certified by the Court on October 23. 2019 [Dkt. 69]. *See* Kristensen Decl. ¶ 4. The Class consists of:

> *All California consumers, who were first charged from January 1, 2017 to the present, whose credit cards or debit cards were automatically charged on a recurring basis as part of a subscription to the "My Fitness by Jillian Michaels" service.[2]*

The Settlement requires Class Notice provided to each Member via email and through a Settlement Website explaining key terms of the Settlement, including benefits under the Settlement and how to opt out of or object to the Settlement. *See* Kristensen Decl. ¶¶ 3, 6, Ex. 1 to Ex. A. The benefits for Members who do not opt out of the Settlement include the following: each Member may submit a claim form to obtain a minimum of $30.00, if after all the Claim Forms

---

[1]    Unless otherwise defined herein, capitalized terms used in this memorandum shall have the same meaning ascribed to them in the Agreement.

[2]    The Class Period is from January 1, 2017 through the date that the Court grants preliminary approval of the Settlement.

are submitted and received by the Settlement Administrator, funds remain allocated to the Class, a pro rata portion of the funds remaining will be added to the $30.00 for each Class Member such that every Class Member who submits a Claim Form will receive one check for at least $30.00. Any unclaimed funds from the Settlement Fund after all Settlement Costs and Credit Payments are paid shall be distributed in a *cy pres* distribution to the National Consumer Law Center, subject to approval of the Court, such that the entire Settlement Fund shall be distributed following final approval of the Settlement after the Effective Date. The proposed Claim Form requires each Member to provide current contact and "My Fitness by Jillian Michaels" ("MJFM") account information, a verification that the Member had purchased a subscription to MFJM service, and confirmation under penalty of perjury that the Member was at least 18 years old and a resident of California when the Member purchased the MFJM subscription. *See* Kristensen Decl. ¶¶ 3, 7, Ex. 2 to Ex. A.

The Settlement also provides that after the Effective Date, Defendants will continue to make recurring subscription language clear and conspicuous on the MFJM website and MFJM apps and a check box that requires users to confirm the terms of the subscription before the subscription is completed so as to continue to satisfy the requirements of California's Automatic Renewal Law ("ARL"), Cal. *Bus. & Prof. Code* §§ 17600, *et seq. See* Kristensen Decl. ¶¶ 3, 8, Ex. A at ¶ 32.

With an estimated Class size of 4,023 Members, the Settlement has a monetary value of $225,000.00 in monetary relief. *See* Kristensen Decl. ¶¶ 3, 9, Ex. A at ¶ 29. In addition to the monetary benefits achieved, Class Counsel estimates that the injunctive relief provided for the Class and the general public carries a value of at least $100,000 such that Defendants' revised language and procedures more substantially comply with the ARL such that consumers purchasing a subscription are afforded the notice and can provide affirmative consent pursuant to the ARL. Thus, the total settlement value is estimated at

$325,000.00. *See* Kristensen Decl. ¶¶ 3, 10, Ex. A. at ¶ 32. Defendants have agreed to pay the costs of Notice and Settlement administration, and, subject to Court approval, a proposed Attorneys' Fee Award of in the amount of $56,250.00 to Class Counsel, a Class Representative Award of $2,000.00 to Plaintiff, and a reasonable Cost Reimbursement from the $225,000.00 comprising the Settlement Fund with no additional funds provided. *See* Kristensen Decl. ¶¶ 3, 11, Ex. A. at ¶¶ 47-51.

While Plaintiff is confident of a favorable determination of the merits, she had determined that the Settlement provides significant benefits to the Class and is in the best interests of the Class. Plaintiff also believes that the Settlement is appropriate because Plaintiff recognizes the expense and amount of time required to continue to pursue the Litigation, as well as the uncertainty, risks, and difficulties of proof inherent in prosecuting such claims. Similarly, as evidenced by the Agreement, Defendants believe that they have substantial and meritorious defenses to all of Plaintiff's assertions and claims, but have determined that it is desirable to settle the Litigation on the terms set forth in the Agreement. *See* Kristensen Decl. ¶ 12.

Plaintiff believes that the Settlement satisfies all of the criteria for preliminary approval. Accordingly, Plaintiff moves this Court for an order preliminarily approving the Settlement, directing dissemination of Class Notice, and scheduling a Final Approval hearing. *See* Kristensen Decl. ¶ 13.

## II. STATEMENT OF FACTS

### A. *Factual Background*

Defendants' "My Fitness by Jillian Michaels" ("MFJM") service was launched on January 1, 2017. Defendants offered three types of subscriptions for the "MFJM" service: monthly, quarterly, or yearly. A seven-day free trial is offered to consumers before Defendants charge based on the subscription plan chosen by a consumer. *See* Kristensen Decl. ¶ 14.

The language for the website page and the app front page identify the three types of subscription.[3] Plaintiff alleged in her initial Complaint and First Amended Complaint, however, that the language referring to the recurring nature of the charges for subscription and the price referenced were not for a finite term was in a substantially smaller font size, in light gray at the bottom of the page. For every recurring subscription chosen by a consumer, the consumer's payment method is charged at the time the subscription is initially purchased and thereafter, for ensuing consecutive months corresponding on the subscription cycle chosen by the consumer automatically as part of the recurring subscription. *Id.*

### B.    Procedural Posture

On September 20, 2018, Plaintiff filed an action, for herself and other similar situated, against Defendants, contending that, *inter alia*, Defendants violated the ARL when California residents registered and first paid for a subscription to the MFJM service [Dkt. 1-1]. Defendants removed the matter on November 5, 2018, to the United States District Court for the Central District of California [Dkt. 1]. *See* Kristensen Decl. ¶ 15.

After filing their Answer on November 12, 2019 [Dkt. 11], Defendants filed a Motion for Judgment on the Pleadings on March 8, 2019[Dkt. 16]. The Court denied in part, and granted in part, the motion finding no private right of action under the ARL, but that it could be a predicate claim for the Unfair Competition Law ("UCL"), Cal. *Bus. & Prof. Code* §§ 17200, *et seq.*, Consumer Legal Remedies Act ("CLRA"), Cal. *Civ. Code* §§ 1750, *et seq.*, and False Advertising Law ("FAL"), Cal. *Bus. & Prof. Code* §§ 17500, *et seq.* claims. Plaintiff was granted leave to amend those claims [Dkt. 19]. *See* Kristensen Decl. ¶ 16.

///

---

[3]  Since MFJM's launch several different promotions, subscription terms, and charges have been offered. The general subscription terms and offerings are as described.

On May 16, 2019, Plaintiff filed the operative First Amended Complaint Dkt. 22]. On August 2, 2019, Plaintiff filed her Motion for Class Certification and sought a class of California residents as follows:

> *All California consumers, who were first charged from January 1, 2017 to the present, whose credit cards or debit cards were automatically charged on a recurring basis as part of a subscription to the "My Fitness by Jillian Michaels" service.*

On October 23, 2019, the Court issued its Order [Dkt. 69] adopting its tentative decision of October 10, 2019 [Dkt. 67] granting the Motion for Class Certification. *See* Kristensen Decl. ¶ 17.

On September 5, 2019, Defendants filed their Motion for Summary Judgment [Dkt. 39], which Plaintiff opposed on September 26, 2019 [Dkt. 57]. On October 24, 2019, after oral argument was heard, the Court ordered further briefing by the Parties on a number of issues raised in Defendants' Motion for Summary Judgment [Dkt. 75]. The Parties fully briefed the issues on November 4 and November 12, 2019 [Dkt. 76-79]. On December 2, 2019, Plaintiff filed a Notice of Settlement after an agreement was reached between the Parties [Dkt. 80]. At the time the Notice of Settlement was filed, the Court had not issued a ruling on Defendants' Motion for Summary Judgment. *See* Kristensen Decl. ¶ 18.

## III.    THE SETTLEMENT

### A.    *Settlement Benefits*

Under the Settlement, Defendants agree to a multifaceted Settlement structure, which includes a cash payout to Class Members who timely submit valid claims, a *cy pres* award if funds remain to the National Consumer Law Center, and an agreement to continue engaging in business practices which align with the ARL's requirements regarding adequate notice to consumers and receipt of affirmative consent. From the Settlement Fund with no additional funds provided, Defendants will pay for attorneys' fees, costs, Settlement administration expenses,

and the Incentive Award to Plaintiff, subject to Court approval. These benefits are significant, tangible, and offer fair remuneration for the Class. *See* Kristensen Decl. ¶ 19.

Pursuant to the Agreement, Class Notice will be sent via email to the approximately 4,023 Members. *See* Kristensen Decl. ¶¶ 3, 20, Ex. A. at ¶ 7 & Ex. 1. The Class Notice will also be posted on the Settlement Website. *Id.* Before Class Notice is provided, the Settlement Administrator will develop the Settlement Website, which shall contain relevant documents pertaining to the Settlement including the Settlement Agreement, the Claim Form, the Class Notice, and the Preliminary Approval Order. *See* Kristensen Decl. ¶¶ 3, 20, Ex. A at ¶ 30. The Class Notice will explain that each Member may submit a claim to obtain a minimum of $30.00, that if funds remain, an additional proportionate amount will be added for all Members who timely submitted a claim for a pro rata basis. Further, the Class Notice will explain that if funds remain, the remaining funds will be a *cy pres* award to the National Consumer Law Center. *See* Kristensen Decl. ¶¶ 3, 20, Ex. 1. In addition to the foregoing monetary relief, Defendants have agreed to continue to take affirmative steps to provide disclosure in clear and conspicuous language of MFJM's service for recurring charges pursuant to the ARL. *See* Kristensen Decl. ¶¶ 3, 20, Ex. A. at ¶ 32.

From the Settlement Fund, Defendants have agreed to retain a Settlement Administrator and to pay for any and all costs associated with administering the Settlement, including Class Notice, handling of claims and the distribution of monetary payments to Members, and developing and maintaining the Settlement Website as well as the $2,000 Incentive Payment to Plaintiff and the proposed Attorneys' Fee Award plus reasonable Cost Reimbursement to Class Counsel, pending approval by the Court. *See* Kristensen Decl. ¶¶ 3, 21, Ex. A. at ¶ 29.

///

///

**B.** **Scope of Release**

The Agreement provides that Members who do not request exclusion from the Settlement will release any and all claims, known or unknown, against the Releasees based in any manner on the allegations regarding unfair business or trade practices, any violation of the ARL, any violation of the UCL predicated on violations of the ARL, any violation of the CLRA predicated on violations of the ARL, any violation of the FAL predicated on violations of the ARL for the MFJM service arising during the Class Period. *See* Kristensen Decl. ¶¶ 3, 22, Ex. A. at ¶ 24.

**C.** **Opportunity to Opt Out and Object**

Under the terms of the proposed Settlement, Members will have the right to opt out of the Settlement or object to its terms. A Member who wishes to opt out of the Settlement must, no later than 30 days after the Class Notice Date, submit an opt-out request via the method provided for in the Class Notice. *See* Kristensen Decl. ¶¶ 3, 23, Ex. A. at ¶ 45. A Class Member who does not opt out and who wishes to object to the Settlement may do so by filing with the Court and mailing to counsel for the Parties, no later than 30 days after the Class Notice Date, a notice of objection and/or request to be heard at the Final Approval Hearing. *See* Kristensen Decl. ¶¶ 3, 23, Ex. A. at ¶ 53, subsection M. Any such notice must include the case name and number, the Member's name and contact information and the email address associated with the Member's MFJM's account, a statement of all grounds and legal support for the objection and copies of any supporting documentation, a list of other cases in which the Member has objected to a class action settlement, and an affirmation under penalty of perjury that the Member had purchased a subscription to MFJM service during the Class Period while at least 18 years old and a resident of California. *Id.*

///

///

### D.    Class Representative's Application for Incentive Award

The Settlement contemplates that Class Counsel will request an Incentive Award in the amount of $2,000.00 to be distributed to the Class Representative, subject to Court approval. Defendants have agreed not to oppose this request. *See* Kristensen Decl. ¶¶ 3, 24, Ex. A. at ¶¶ 48-49.

### E.    Class Counsel's Application for Fees, Costs, and Expenses

The Settlement contemplates that Class Counsel may apply to the Court for an award of attorneys' fees in the amount of $56,250.00 representing 25% of the total estimated monetary value of the Settlement consisting of monetary relief to the Class. Class Counsel Defendants have agreed not to oppose an application by Class Counsel for an award of attorneys' fees as long as it does not exceed this stated amount for attorneys' fees and amount of reasonable expenses and costs. *See* Kristensen Decl. ¶¶ 3, 25, Ex. A. at ¶¶ 48-49.

## IV.    ARGUMENT

### A.    Standard for Preliminary Approval of Class Action Settlement

A class action may not be dismissed, compromised, or settled without the approval of the Court. Fed. R. Civ. P. 23(e). Judicial proceedings under Rule 23 have led to a defined procedure and specific criteria for settlement approval in class action settlements, described in the *Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004) ("*Manual*") § 21.63, *et seq.*, including preliminary approval, dissemination of notice to class members, and a fairness hearing. *Manual*, §§ 21.632, 21.633, 21.634. The purpose of the Court's preliminary evaluation of the settlement is to determine whether it is within the "range of reasonableness," and thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile. *See* 4 Herbert B. Newberg, *Newberg on Class Actions* § 11.25 *et seq*., and § 13.64 (4th ed. 2002 and Supp. 2004) ("*Newberg*"). The Court is not required to undertake an in-depth consideration of the relevant factors for final approval.

Instead, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Manual*, § 21.632 (4th ed. 2004).

As a matter of public policy, settlement is a strongly favored method for resolving disputes. *See Utility Reform Project v. Bonneville Power Admin*., 869 F.2d 437, 443 (9th Cir. 1989). This is especially true in class actions such as this. *See Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982). As a result, courts should exercise their discretion to approve settlements "in recognition of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc. Ltd. Partnerships Litig*., 163 F.R.D. 200, 209 (S.D.N.Y. 1995). To make the preliminary fairness determination, courts may consider several relevant factors, including "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status through trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; [and] the experience and views of counsel . . . ." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Furthermore, courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at 1027.

Preliminary approval does not require the Court to make a final determination that the settlement is fair, reasonable, and adequate. Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their

views of the settlement or to exclude themselves from the settlement. *See* 5 James Wm. Moore, *Moore's Federal Practice – Civil* § 23.165[3] (3d ed.) Thus, in considering a potential settlement, the Court need not reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute, *West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits, *Officers for Justice v. Civil Service Comm'n,* 688 F.2d at 625. Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

Preliminary approval of the settlement should be granted if, as here, there are no "reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys." *Manual for Complex Litigation* § 21.632, at 321 (4th ed. 2004). Furthermore, the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *See., e.g.*, *Kirkorian v. Borelli*, 695 F.Supp. 446 (N.D. Cal.1988) (opinion of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

The decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge[.]" *See Hanlon*, 150 F.3d at 1026. This discretion is to be exercised "in light of the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," which minimizes substantial litigation expenses for both sides and conserves judicial resources. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations omitted). Based on these standards, Plaintiff respectfully

1  submits that, for the reasons detailed below, the Court should preliminarily

2  approve the proposed Settlement as fair, reasonable and adequate. *See* Kristensen

3  Decl. ¶ 26.

4  **1.    Liability Is Highly Contested and Both Sides Face**

5  **Significant Challenges in Litigating This Case**

6  Defendants have vigorously contested the claims asserted by Plaintiff in this

7  Litigation given the extensive motion practice by both sides. While both sides

8  strongly believe in the merits of their respective cases, there are inherent risks to

9  both sides in continuing the Litigation. In considering the Settlement, Plaintiff and

10  Class Counsel carefully balanced the risks of continuing to engage in protracted

11  and contentious litigation, against the benefits to the Class. As a result, Class

12  Counsel supports the Settlement and seek its Preliminary Approval. *See* Kristensen

13  Decl. ¶ 27.

14  Similarly, Defendants believe that they have strong and meritorious defenses

15  not only in the Litigation as a whole, but also as to the amount of damages sought.

16  However, Defendants recognize that there are inherent risks and costs associated

17  with protracted litigation. The negotiated Settlement reflects a compromise

18  between Defendants in avoiding the risks and costs associated with protracted

19  litigation and Class Counsel and the risk that the Class might not recover. Because

20  of the costs, risks to both sides, and delays of continued litigation, the Settlement

21  presents a fair and reasonable alternative to continuing to pursue the Litigation. *See*

22  Kristensen Decl. ¶ 28.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

2.     **Defendants' Agreement to Provide Cash Payments to Class**
2
**Members and Injunctive Relief, Provides a Fair and**
3
**Substantial Benefit to the Class**

4        As set forth above, Defendants have agreed to pay $225,000.00 to fund the

5    settlement, which includes Notice and Settlement Administration Costs[4], creating

6    and maintaining a Settlement Website, providing Class Notice, an Incentive Award

7    of no more than $2,000.00 to Plaintiff and attorneys' fees of $56,250.00 plus

8    reimbursement of reasonable costs. *See* Kristensen Decl. ¶ 29.

9        Class Members will need to submit Claim Forms so that the monetary

10    benefits can be provided to them as no mailing addresses are provided to open or

11    maintain a MFJM account. Furthermore, based on the Class information provided

12    by Defendants, a significant portion of the Class signed up for the MFJM service

13    via the Apple iOS app store or Google Play store such that contact information,

14    besides email addresses, are held by these third parties. Claim Forms can be

15    submitted by Class Members by either mailing them to the Settlement

16    Administrator or directly through the Settlement Website. *See* Kristensen Decl. ¶

17    30.

18        As a result, it is anticipated that the vast majority of the Settlement will

19    provide direct and meaningful benefits to the Settlement Class. *See Shames v.*

20    *Hertz Corp.*, Case No. 07-CV-2174-MMA WMC, 2012 WL 5392159, at *13 (S.D.

21    Cal. Nov. 5, 2012) (settlement was fair where the parties "negotiated a settlement

22    that provide[d] direct payment to class members"); *Hopson v. Hanesbrands Inc.*,

23    Case No. CV-08-0844 EDL, 2009 WL 928133, at *11 (N.D. Cal. Apr. 3, 2009)

24    ("the benefits can be accurately traced because they are monetary payments

25    directly to Class Members"). *See* Kristensen Decl. ¶ 31.

26    ///

27

28
[4]    The approximate cost of Settlement Administration is around $25,000.00. *See*
     Kristensen Decl. ¶ 29.

This Settlement intentionally avoids providing significant benefits to a *cy pres* recipient at the expense of the class. See *Dennis v. Kellogg Co.*, 697 F.3d 858, 862-63 (9th Cir. 2012) (the amount of a *cy pres* award "must be examined with great care to eliminate the possibility that it serves only the 'self-interests' of the attorneys and the parties, and not the class"); *Lane v. Facebook, Inc.*, 709 F.3d 791, 793 (9th Cir. 2013) ("We require district judges to be reasonably certain that class members will benefit before approving a *cy pres* settlement."); *In re EasySaver Rewards Litig.*, 921 F. Supp. 2d 1040, 1049 (S.D. Cal. 2013).[5]

The settlement award that each Settlement Class Member will receive is fair, appropriate, and reasonable given the purposes of the ARL, UCL, FAL, and CLRA, and in light of light of the anticipated risk, expense, and uncertainty of continued litigation. It is well-settled that a proposed settlement may be acceptable even though it amounts to a percentage of the potential recovery that might be available to the class members at trial. *See e.g., National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 460 (E.D. Pa. 2000) ("the fact that a proposed settlement constitutes a relatively small percentage of the most optimistic estimate does not, in itself, weigh against the settlement; rather, the percentage should be considered in light of the strength of the claims"); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008) (court-approved settlement amount that was small fraction

---

[5] Courts favor direct payment to class members over *cy pres* distributions. *See Molski v. Gleich*, 318 F.3d 937, 954-955 (9th Cir. 2003) *overruled on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) (*cy pres* provision is a disfavored substitute for distribution of benefits directly to class members); *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) ("[T]he cy pres doctrine—unbridled by a driving nexus between the plaintiff class and the cy pres beneficiaries—poses many nascent dangers to the fairness of the distribution process.").

of the maximum potential recovery); *In re Mego Fin'l Corp. Sec. Litig.*, 213 F. 3d 454, 459 (9th Cir. 2000). *See* Kristensen Decl. ¶ 31.

Thus, the Settlement provides substantial benefit to the Class Members, as they will receive meaningful monetary recovery with no undue burden and no expense.

### 3.     The Settlement Was Reached As the Result of Arms-Length Negotiation, Without Collusion

The Settlement is the result of intensive arms'-length negotiation. Working independently of the Court, the Parties were able to reach a proposed resolution of this case. Class Counsel is satisfied that the information provided about the number of Class Members is accurate. The time and effort spent examining and investigating the claims militate in favor of preliminary approval of the proposed Settlement, as the process strongly indicates that there was no collusion. *See In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair."). *See* Kristensen Decl. ¶ 32.

### 4.     Experienced Counsel Have Determined That the Settlement Is Appropriate and Fair to the Class

Plaintiff is represented by counsel experienced in complex class action litigation. Class Counsel has extensive experience in class actions, as well as particular expertise in class actions relating to consumer protection. Class Counsel believes that the Settlement is fair, reasonable, and adequate. Their opinions should be given deference by the Court. *See* Kristensen Decl. ¶¶ 41-58.

### B.     The Proposed Method of Class Notice Is Appropriate

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23 (b)(3), the court must order the "best notice practicable" under the circumstances. Rule 23 (c)(2)(B) does not require "actual notice" or that a notice be "actually received." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Notice need only be given in

a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Adequate notice is critical to court approval of a class settlement under Rule 23 (e)." *Hanlon*, 150 F.3d at 1025.

Pursuant to Fed. R. Civ. P. 23 (e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23 (c)(2)(B) also sets forth requirements as to the content of the notice. The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3) . Fed. R. Civ. P. 23 (c)(2)(B).

The Settlement Administrator shall disseminate or arrange for the dissemination of Class Notice sent via email and via the Settlement Notice, is in a form materially consistent with Exhibit 1 to the Agreement. The Class Notice here satisfies each of the requirements of Rule 23(c)(2)(B)  above. Further, direct notice has been held to be adequate notice to a Settlement Class. *See Schaffer v. Litton Loan Servicing, LP*, CV 05-07673 MMM JCX, 2012 WL 10274679, at *8 (C.D. Cal. Nov. 13, 2012) (approving notice plan where class members were sent direct notice informing them and directing them to a settlement website); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS MDD, 2012 WL 1932283, at *1 (S.D. Cal. May 29, 2012) (final approval of class settlement using direct notice and settlement website). *See* Kristensen Decl. ¶ 33.

Defendants possess email addresses for all of the Class Members, regardless of whether Class Members signed up via the MFJM website or through Apple or

Google apps. The email addresses provided by the Class Members to the

Defendants were required for use of the MFJM account, using the MFJM service,

and is where Defendants communicate with users of the MFJM service by

reminding them of upcoming renewal periods, payment confirmation emails at the

end of every renewal period, and the sign up confirmation emails. Defendants do

not possess physical addresses or landline phone numbers any of the Class

Members as they are not required or necessary to sign up for or maintain a MFJM

account. The Settlement Administrator will be able to send emails directly to each

of the Class Members at the address that they recently used in conjunction with

their MFJM account.[6] *See* Kristensen Decl. ¶ 34.

Further notice will be provided through the Settlement Website, which will

be accessible by the time of the email Class Notice and will post, among other

documents, the Agreement, a copy of the Notice, and the Preliminary Approval

Order. Thus, through email Class Notice and the Settlement Website, Members

will have ample notice of the Settlement and its terms, and they will have 30 days

from the time of Class Notice to opt out of or object to the Settlement. *Cf. Torrisi

v. Tucson Electric Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993) (31 days is

more than sufficient, as Class as a whole had notice adequate to flush out whatever

objections might reasonably be related to the settlement) *citing Marshall v.

Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) (approving timing of

notice which was mailed 26 days before the deadline for opting out of the

---

[6]    The Parties discussed, at Class Counsel's suggestions, to subpoena Apple or
Google of Class Member mailing addresses, to the extent provided to Apple or
Google. Ultimately, given the expected delay, additional expense that would
come from the Settlement Fund, and inability to confirm that Apple or Google
would have mailing addresses for the Class Members who signed up for the
MFJM service via the Apple or Google apps, that direct notice via email was
best practicable. In addition, Class Counsel suggested that the MFJM website
and apps run targeted ads in California linking to the Settlement Website or
otherwise advising of the Settlement, but this was not agreed to by Defendants.

1  settlement). Further, the Settlement Website shall be maintained and accessible to

2  Settlement Class Members during this time and through the conclusion of the

3  settlement proceedings in this case. *See* Kristensen Decl. ¶ 35.

4      This notice program was designed to meaningfully reach the largest number

5  of Settlement Class Members possible by direct notice. In this age, email is often

6  the best way to reach people, and is certainly the most cost-effective manner of

7  direct notice in the case at bar, given Defendants' data constraints. Such direct

8  notice is likely to be very successful in reaching the Settlement Class, and it is also

9  the best practical notice under the circumstances since mostly email addresses are

10  known and must be used by each Class Member when utilizing the MFJM service.

11  By emailing the Class Notice and making the Class Notice available on the

12  Settlement Website, the notice plan satisfies the requirements of due process and

13  constitutes the best notice practicable under the circumstances. *See* Kristensen

14  Decl. ¶ 36.

15      Recently, the Ninth Circuit in *Roes, 1-2 v. SFBSC Management, LLC*, 944

16  F.3d 1035 (9th Cir. 2019) held that notice by mail when at least 12% of the mailed

17  notices "were ultimately determined to be undeliverable" fell short of the Rule

18  23(c)(2)(B) standard for best notice practicable under the circumstances of a Fair

19  Labor Standards Act settlement pertaining to exotic dancers with unreliable

20  contact information. *Id.* at 1046. Here, the Parties discussed how best to provide

21  notice to the Class that would reach the greatest number of Class Members. Given

22  that MFJM users use the service either through the MFJM website or through an

23  app on their phones or iPads, that the email addresses are required to sign up and

24  maintain an email to the MFJM service, and that regular correspondence and

25  communication is completed by Defendants through the MFJM service via email,

26  that emailing the Notice would be the best method, when coupled with the

27  Settlement Website posting. Class Members are required to provide an email

28  address to Defendants before their MFJM account is deemed completed, and is

most reasonable when Class Members have already received communications regarding their MFJM account exclusively through email correspondence. *See* Kristensen Decl. ¶ 37.

The Settlement Administrator shall prepare and file a declaration prior to the Final Approval Hearing certifying that the notice program has been properly administered in accordance with this Agreement, this Court's Orders, and as described herein. *See* Kristensen Decl. ¶ 38.

**C.   *The Court Should Appoint KCC as the Settlement Administrator***

Plaintiff proposes that the Court appoint Kurtzman Carson Consultants, LLC ("KCC") to serve as the Settlement Administrator. KCC specializes in providing administrative services in class action litigation, and has extensive experience in administering consumer protection and privacy class action settlements. Defendants do not oppose this request. *See* Kristensen Decl. ¶ 39.

**D.   *A Final Approval Hearing Should Be Scheduled***

The last step in the settlement approval process is the formal fairness or Final Approval Hearing, at which time the Court will hear all evidence and argument, for and against, the proposed Settlement. Plaintiff requests that the Court grant preliminary approval of the Settlement and schedule a Final Approval Hearing to be held not before 70 days after the date of entry of the Preliminary Approval Order, in order to allow sufficient time for developing the Settlement Website and providing Class Notice, and to allow Class Members time submit exclusion requests and objections. *See* Kristensen Decl. ¶ 40.

///

///

///

///

///

///

V.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court
enter an order preliminarily approving the settlement.


Dated:  February 7, 2020              Respectfully submitted,

By:  */s/ John P. Kristensen*
_____

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
Jesenia A. Martinez (SBN 316969)
*jesenia@kristensenlaw.com*
Jacob J. Ventura (SBN 315491)
**KRISTENSEN LLP**

***Attorneys for Plaintiff and all others
similarly situated***

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on Friday, February 07, 2020, a true and correct copy of **JOINT PLAINTIFF LISA FRIEDMAN'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** and accompanying document were served electronically via ECF on each participant of record, including the participants listed below.


Richard S. Busch
*rbusch@kingballow.com*
Paul H Duvall
*pduvall@kingballow.com*
Brittney R. Dobbins
*bdobbins@kingballow.com*
Benjamin P. Lemly
*blemly@kingballow.com*
D. Keith Kelly, II
*kkelly@kingballow.com*
Kyle Watlington
*kwatlington@kingballow.com*
*Law Offices of King and Ballow*
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067

**Counsel for Defendants
EM Digital, LLC, Empowered Media,
LLC, and Jillian Michaels**

*/s/ John P. Kristensen*
John P. Kristensen