# EXHIBIT A

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement ("Agreement") is entered into between and among (1) Lisa Friedman (collectively "Named Plaintiff"), on behalf of herself and as a representative of the Class defined in Paragraph I.4 below (members of the Class and the Named Plaintiff are collectively referred to herein as "Class Members"); and (2) EM Digital, LLC ("EM Digital"), Empowered Media, LLC ("Empowered Media"), and Jillian Michaels ("Michaels") (collectively "Defendants" and together with Class Members, the "Parties"), in order to effect a full and final settlement and dismissal with prejudice of all claims against Defendants, and the "Releasees," (as defined in Paragraph I.26 below) as alleged in *Friedman, et al. v. Michaels, et al.* Case No. 2:18-cv-09414-GW-SS (C.D. Cal.) (the "Lawsuit") on the terms set forth below and to the full extent herein, subject to Court approval.

## RECITALS

WHEREAS, on September 20, 2018, Named Plaintiff Lisa Friedman filed an action against Defendants, inclusive, on behalf of herself and a proposed class of persons who contend that, *inter alia*, Defendants violated California's Anti-Renewal Law ("ARL") when California residents registered and first paid for a subscription to the My Fitness "MFJM" service;

WHEREAS, Defendants removed the matter on November 5, 2018, to the United States District Court for the Central District of California;

WHEREAS, Defendants filed a motion for judgment on the pleadings on March 8, 2019. (Dkt. 16.) The Court denied in part, and granted in part, the motion finding no private right of action under the ARL, but that it could be a predicate claim for the Unfair Competition Law ("UCL"), Consumer Legal Remedies Act

("CLRA"), and False Advertising Law ("FAL") claims. Plaintiff was granted leave to amend those claims. (Dkt. 19.);

WHEREAS, on May 16, 2019, Plaintiff filed the operative first amended complaint (Dkt. 22.);

WHEREAS, on August 2, 2019, Plaintiff filed her motion for class certification and sought a class of California residents as follows:

> All consumers, who were first charged from January 1, 2017 to the present, whose credit cards or debit cards were automatically charged on a recurring basis by Defendants as part of a subscription to the "My Fitness by Jillian Michaels" service.

WHEREAS, on October 23, 2019, the Court issued its order (Dkt. 69) adopting its tentative decision of October 10, 2019 (Dkt. 67) granting the motion for class certification and appointing John P. Kristensen as Class Counsel and Plaintiff as the Class Representative.

WHEREAS, on September 5, 2019, Defendants filed their motion for summary judgment (Dkt. 39);

WHEREAS, on October 24, 2019, the Court ordered further briefing by the Parties on a number of issues raised in Defendants' motion for summary judgment. (Dkt. 75) The Parties fully briefed the issues on November 4 and November 12, 2019. (*See* Dkt. 76, 77, 78, 79).

WHEREAS, the Court has not ruled on Defendants' motion for summary judgment as of the date of this Agreement.

WHEREAS, Defendants deny wrongdoing of any kind and deny that there is any legal or factual basis for Plaintiff's claims or that Plaintiff or any members of the Class have suffered any injury or are entitled to monetary or other relief. Specifically, Defendants deny all of the allegations in the Lawsuit, including that

they negligently, knowingly, and/or willfully violated the ARL, and all other causes of action in Plaintiff's original and/or amended complaints;

WHEREAS, the Parties have conducted a thorough examination and investigation of the facts and law relating to the matters set forth in the Lawsuit, which included, among other things, lengthy and constructive subsequent settlement negotiations, via email and telephonic conversations;

WHEREAS, the Parties reached this Agreement at arms' length, after consultation with their independent experts and attorneys, in order to conclusively resolve these disputes without the uncertainty, expense, and delay of litigation pursuant to the terms set forth herein;

WHEREAS, Named Plaintiff and Class Counsel have examined the benefits to be obtained under the terms of this Agreement, have considered the risks associated with the continued prosecution of the Lawsuit and the likelihood of success on the merits of the Lawsuit and believe that, after considering all of the circumstances, the proposed settlement set forth in this Agreement is fair, reasonable and adequate and in the best interests of the Class;

WHEREAS, the Parties agree that neither this Agreement nor the settlement it represents shall be construed as an admission by Defendants of any wrongdoing whatsoever, including an admission of a violation of any statute or law related to the claims or allegations in the Lawsuit;

WHEREAS, the Parties agree and understand that neither this Agreement nor the settlement it represents shall be construed or admissible as an admission by any Defendant in the Lawsuit or any other proceedings that Named Plaintiff's claims or any similar claims are or would be suitable for class treatment if the Lawsuit proceeded through both litigation and trial;

DocuSign Envelope ID: 2FA89E991-6C521489A879F4A5A5E2F59831

WHEREAS, the Parties desire to compromise and settle all issues and claims that have been brought or could have been brought against the Releasees arising out of or related to the claims asserted in the Lawsuit;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein, the Parties hereto agree as follows, subject to preliminary and final approval from this Court:

## I.  <u>DEFINITIONS</u>

1.  "Agreement" shall refer to this Class Action Settlement Agreement and Release.

2.  "Attorneys' Fee Award" shall mean the total award of attorneys' fees, costs, and expenses sought by and apportioned between Class Counsel subject to Court approval, which shall not exceed twenty-five percent (25%) of the gross settlement in total attorneys' fees, plus costs, and expenses and which shall be paid from the Settlement Fund.

3.  "Claim Form" shall mean the Claim Form sent via email and posted on the Settlement Website to all Class Members and posted on the Settlement Website in order to receive a Credit Payment. The Claim Form shall be without material alteration from Exhibit 2.

4.  "Class" shall refer to all persons in the certified class.

5.  "Class Counsel" shall mean John P. Kristensen and Jesenia A. Martinez of Kristensen LLP.

6.  "Class List" shall mean the complete listing of paid subscribers to the MFJM service who registered and were first charged during the Class Period who were also California residents at the time, after a good faith search, are Class Members and thereby eligible to receive the Class Notice.

7.    "Class Notice" shall mean the form of notice of the settlement sent to Class Members by email and posted on the Settlement Website. The Class Notice shall be without material alteration from Exhibit 1.

8.    "Class Notice Date" shall mean the date on which the Settlement Administrator completes the electronic dissemination of the Class Notice to Class Members via email and posted on the Settlement Website, but in any event not sooner than twenty five (25) business days after the Preliminary Approval Date.

9.    "Credit Payment" is the single payment by Defendants which is currently estimated at approximately $30.00 per Class Member who does not opt out. All Credit Payments shall be paid by the Settlement Administrator solely from the Settlement Fund.

10.    "Defendants' Counsel" shall mean Defendants' counsel of record in the Lawsuit; specifically, Richard Busch and Keith Kelly of King & Ballow.

11.    "Effective Date" shall mean the date defined in Paragraph XI.60.

12.    "Final" shall mean final as defined in Paragraph XI.61.

13.    "Final Approval Hearing" shall mean the hearing at which the Court orders final approval of the settlement as defined in Paragraph VIII.53.B.

14.    "Final Order and Judgment" shall mean the order defined in Paragraph IX.54.

15.    "Lawsuit" shall refer to the lawsuit of *Friedman, et al. v. Michaels, et al.* Case No. 2:18-cv-09414-GW-SS (C.D. Cal.).

16.    "Named Plaintiff" shall mean plaintiff Lisa Friedman.

17.    "Named Plaintiff's Incentive Award" shall mean the incentive award defined in Paragraph VII.49, which shall be subject to Court approval and shall be paid from the Settlement Fund.

18.     "Opt-Out" shall refer to a member of the Class who properly and timely submits a request for exclusion from the Class as set forth in Paragraph V.45.

19.     "Opt-Out Form" shall mean the form by which a Class Member may submit a request for exclusion from the Class. It shall be available to Class Members via email and posted on the Settlement Website, and shall be without material alteration from Exhibit 3.

20.     "Opt-Out List" shall mean the list of all persons who timely and properly request exclusion from the Class.

21.     "Opt-Out Period" shall mean the period in which a Class Member may Opt-Out of the Settlement, which period shall expire thirty (30) days after the Class Notice Date.

22.     "Preliminary Approval Date" shall mean the date the Preliminary Approval Order has been executed by the Court and served on counsel for the Parties.

23.     "Preliminary Approval Order" shall mean the order defined in Paragraph IX, which shall be without material alteration from Exhibit 4.

24.     "Release" shall mean the release and discharge, as of the Effective Date, by the Named Plaintiff and all Class Members (and their assignees who have not excluded themselves from the Class) of the Releasees (defined below) of and from all Released Claims and shall include the agreement and commitment by Named Plaintiff and all Class Members to not now or hereafter initiate, maintain, or assert against the Releasees or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law or any

other sources that have been, could have been, may be, or could be alleged or asserted now or in the future by Named Plaintiff or any Class Member against the Releasees, or any of them, in the Lawsuit or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

26. "Released Claims" shall mean any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, claims for breach of contract, claims for violation of privacy, statutory claims, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, any violation of Cal. Bus. & Prof. Code §§ 17600 *et seq.*, any violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* predicated on violations of California's Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600, *et seq.*, any violation of Cal. Civ. Code §§ 1750 *et seq.* predicated on violations of California's Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600, *et seq.*, any violation of Cal. Bus. & Prof. Code §§ 17500 *et seq.* predicated on violations of California's Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600, *et seq.*, restitution, rescission, claims for contribution or indemnification, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Lawsuit, suspected or unsuspected, contingent or matured, under federal, state or local law, which Named Plaintiff and/or any Class Member had, now have, or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences prior to the Preliminary Approval Date arising out of or

related to any claim that was or could have been asserted against any Defendant in the Lawsuit.

26. "Releasees" shall mean Defendants, and all of their present, former, and future officers, directors, employees, attorneys, insurers, insurance agents and brokers, owners, representatives, predecessors, independent contractors, suppliers, vendors, processors, successors, agents, attorneys, assigns, parents, subsidiaries, affiliates, related companies, shareholders, members, counsel and legal representatives.

27. "Settlement Administrator" shall mean the independent third-party entity selected by Class Counsel and Defense Counsel and approved by the Court to work at their direction to administer the Settlement, including providing Class Notice and maintaining the Settlement Website.

28. "Settlement Costs" shall mean all costs of the settlement, including without limitation, administrative, taxes, costs for Class Notice, costs for distribution of Credit Payments, Settlement Administrator costs, costs of developing and hosting the Settlement Website, Attorneys' Fee Award, and Named Plaintiff's Incentive Award, but not including Credit Payments.

29. "Settlement Fund" shall mean the account created by the Settlement Administrator and funded by Defendants by a single payment of two hundred twenty-five thousand U.S. Dollars ($225,000.00) by no later than seven (7) business days after the Effective Date. This payment shall be the sole payment obligation of Defendants in connection with the settlement, this Agreement, and the litigation. The Parties agree that Defendants will not in any event or circumstance be required to pay more than two hundred twenty-five thousand U.S. Dollars ($225,000.00) to fund any aspect of this settlement, including without limitation the Settlement Costs and any consideration provided to Class Members pursuant to this Agreement.

30. "Settlement Website" shall mean the dedicated website created and maintained by the Settlement Administrator, which website shall contain relevant documents and information about the settlement, including this Agreement and the Class Notice located at www.emarlsettlement.com.

31. "Third Party" shall mean any person, entity, partnership, or organization other than the Court and Court's staff and/or employees, Named Plaintiff, Counsel for Named Plaintiff, Class Counsel, Defendants, Defendants' Counsel, and Settlement Administrator and the Settlement Administrator's staff and/or employees.

## II.    BENEFITS TO CLASS MEMBERS

32. The Settlement Administrator shall make a single Credit Payment, which is currently estimated at approximately $30.00, from the Settlement Fund of behalf of each Class Member who does not opt out during the Opt-Out Period. The Credit Payment shall be effectuated through the mailing of a check to each Class Member who does not opt out during the Opt-Out Period. The memorandum line shall include language similar, and not materially different from, "MFJM Credit." After the Effective Date, Defendants will continue to make recurring subscription language clear and conspicuous on the MFJM website and MFJM apps and a check box that requires users to confirm the terms of the subscription before the subscription is completed so as to continue satisfying all requirements of the ARL.

33. If, after the Settlement Administrator receives and compiles a list of the Claim Forms, Settlement Funds remain that exceed $30.00 to each Class Member who submitted a Claim Form, additional sums will be added to each Class Member who has not opted out during the Opt-Out Period on a pro rata basis.

34. All Credit Payments shall be paid by the Settlement Administrator solely from the Settlement Fund after the Effective Date.

35.     The Settlement Administrator shall coordinate with the respective credit card companies to post the credits. Any fees charged for the payments shall be paid by the Settlement Administrator from the Settlement Fund and shall be considered part of the Settlement Costs.

36.     Any unclaimed funds from the Settlement Fund after all Settlement Costs and Credit Payments are paid shall be distributed in a *cy pres* distribution to National Consumer Law Center, subject to approval of the Court, such that the entire Settlement Fund shall be distributed following final approval of the settlement after the Effective Date.

## III.     <u>SETTLEMENT WEBSITE</u>

37.     Not later than five (5) business days after the Preliminary Approval Date (or such earlier date as is feasible), the Settlement Administrator will post on the Settlement Website relevant documents relating to the settlement, including this Agreement, the Class Notice, the Opt-Out Form, and the Preliminary Approval Order.

38.     Not later than 5 business days after the final Credit Payment, distribution, or *cy pres* award is administered by the Settlement Administration, and the Lawsuit is dismissed, whichever occurs later, the Settlement Website will come down.

## IV.     <u>SETTLEMENT ADMINISTRATION PROCEDURES</u>

39.     To be eligible for a Credit Payment, the Class Member must have registered and been first charged for a subscription to the MFJM service during the Class Period. There shall be no recovery to someone that is not identifiable in Defendants' records as a paid subscriber to the MFJM service who is also a California resident during the Class Period.

40.     Within seven (7) business days after the Preliminary Approval Date, Defendants will transmit the Class List to the Settlement Administrator and provide Class Counsel with a summary of (a) the total number of Class Members and (b) the methodology Defendants used to compile the Class List.

41.     Within twenty-five (25) business days after the Preliminary Approval Date, the Settlement Administrator will complete the dissemination of the Class Notice via email to the Class Members and posted the Class Notice on the Settlement Website.

42.     The duties and obligations of the Settlement Administrator with respect to administering the settlement shall include without limitation (i) providing notice of this proposed settlement pursuant to and in accordance with 28 U.S.C. § 1715 (the "Class Action Fairness Act" or "CAFA") to the Attorney General of the United States and the attorneys general of California; (ii) receiving and responding to communications from Class Members (including requests for exclusion and questions); (iii) maintaining a dedicated P.O. Box to which Class Members can send requests for exclusion and objections; (iv) maintaining a toll-free number that Class Members with questions may contact; and (v) providing and a Settlement Website.

## V.     CLASS NOTICE PROCEDURES

43.     The Settlement Administrator shall be responsible for providing notice to the Class and shall undertake various administrative tasks, including without limitation: (i) disseminating or arranging for the dissemination of the Class Notice via email and posting on the Settlement Website from the information compiled in the Class List; (ii) creating and maintaining the Settlement Website; (iii) providing to Class Counsel and Defendants' Counsel, within seven (7) business days of receipt, copies of notices of intention to appear and requests for exclusion from the Class; (iv) preparing an Opt-Out list of the Class Members

requesting exclusion and submitting a declaration to the Court before the Final
Approval Hearing attesting to the accuracy of that list; (v) preparing a list of all
persons who submitted objections to the settlement and submitting a declaration to
the Court attesting to the accuracy of that list; and after the Effective Date; (vi)
creating the Settlement Fund; and (vii) disbursing the Credit Payments in
coordination with the credit and debit card companies.

44.     The Settlement Administrator shall disseminate to Class Members the
Class Notice in the form of an e-mail, substantially in the form attached hereto as
Exhibit 1, advising the Class Members of the existence of the settlement and the
approximate consideration they may receive. The Settlement Administrator shall
coordinate with Defendants to disseminate the Class Notice to the Class List. An
explanation of the payment noted on checks mailed to the Class Members will be
similar to, and not materially different from, "MFJM Credit."

45.     All Class Members shall have thirty (30) days from the Class Notice
Date to opt-out from the Class by printing and mailing the form to the Settlement
Administrator. The Opt-Out Form shall be without material alteration from Exhibit
3. A Class Member who excludes him or herself from the settlement may not
object to the settlement or obtain any benefits therefrom.

## VI.    CONFIDENTIALITY OF INFORMATION

46.     The Parties agree that names, email addresses, and any other
information concerning Class Members used by the Settlement Administrator in
effecting this settlement and the electronic data processing and other recordkeeping
procedures and other materials to be utilized by the Settlement Administrator in
effecting its obligations hereunder (collectively, "Information") constitute trade
secrets and/or highly confidential and proprietary business information. Therefore,
it is agreed that no person shall be allowed to access any Information except (i)
Defendants and Defendants' counsel and the employees of such counsel; (ii) the

Settlement Administrator and the employees and agents of same; (iii) the Court and its staff or personnel in its consideration and review of the Settlement and its approval; (iv) Class Counsel and Named Plaintiff's Counsel and their staff or personnel in preparing and addressing the Settlement approval; and (iv) such other persons as the Court may order after hearing on notice to all counsel of record.

## VII.    ATTORNEYS' FEE AWARD AND INCENTIVE AWARDS

47.    Class Counsel will seek from the Court the Attorneys' Fee Award and Defendants agree not to contest the requested Attorneys' Fee Award, which shall not exceed fifty-six thousand two hundred fifty dollars ($56,250) in total attorneys' fees (twenty-five percent (25%) of the total Settlement Fund), as well as reasonable costs, and expenses. Any claim by any attorney, person, or company, other than Class Counsel, for fees or costs shall be the responsibility of Class Counsel. The Attorneys' Fee Award shall be subject to Court approval and paid to Class Counsel from the Settlement Fund.

48.    Class Counsel will file their applications with the Court for the Attorneys' Fee Award and Named Plaintiff's Incentive Award at the same time that they file their motion in support of the Final Order and Judgment, which shall be filed in accordance with the time period prescribed by Local Rule 6-1.

49.    The application for Named Plaintiff's Incentive Award shall be in the amount of two thousand U.S. Dollars ($2,000) for Named Plaintiff, subject to the approval of the Court, and paid from the Settlement Fund. Defendants agree not to oppose the application for Named Plaintiff's Incentive Award. Named Plaintiff's Incentive Award shall be in addition to all the benefits provided to Named Plaintiff as a Class Member pursuant to this Agreement.

50.    The Attorneys' Fee Award shall be paid from the Settlement Fund by the Settlement Administrator no later than five (5) business days after the funding of the Settlement Fund by Defendants. Prior to payment of the Attorneys' Fee

Award, Class Counsel shall provide the Settlement Administrator with completed W-9 forms and completed wire transfer forms. Class Counsel agree that upon payment by the Settlement Administrator from the Settlement Fund of the Attorneys' Fee Award as specified by the Court, pursuant to wire transfer information provided by Class Counsel, Defendants' obligations to Class Counsel shall be fully satisfied and discharged.

51.     The Parties agree that Defendants will not in any event or circumstance be required to pay attorneys' fees, costs, or expenses in excess of the Attorneys' Fee Award, and that the Attorneys' Fee Award and Named Plaintiff's Incentive Award shall be paid solely from the Settlement Fund, in the amounts ordered by the Court.

52.     The Settlement Administrator shall deliver a check for Named Plaintiff's Incentive Award to Class Counsel no later than five (5) business days after the funding of the Settlement Fund by Defendants. Named Plaintiff's Incentive Award shall be paid from the Settlement Fund by the Settlement Administrator, and Class Counsel agree that upon delivery of the Named Plaintiff's Incentive Award, Defendants' obligations to the Named Plaintiff shall be fully satisfied and discharged.

## VIII.    SETTLEMENT APPROVAL PROCESS

53.     After execution of this Agreement, Class Counsel shall promptly move the Court to enter the Preliminary Approval Order, which shall be without material alteration from Exhibit 4, and which:

A.     Preliminarily approves this Agreement;

B.     Schedules a fairness hearing on final approval of this settlement and Agreement (the "Final Approval Hearing") to consider the fairness, reasonableness, and adequacy of the proposed settlement and whether it should finally be approved by the Court. Subject to Court approval, such Final Approval

Hearing shall take place no earlier than seventy (70) days after the Class Notice Date;

C.      Finds that the proposed settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Class;

D.      Appoints the Settlement Administrator in accordance with the provisions of Section IV of this Agreement;

E.      Approves the creation of the Settlement Website as defined in Paragraph I.30 above;

F.      Approves the Class Notice, the content of which is without material alteration from Exhibit 1 hereto, to be posted on the Settlement Website and sent to the Class Members via email, and directs the Settlement Administrator to follow the processes and procedures set forth in the notice program herein;

G.      Approves the Opt-Out Form, the content of which is without material alteration from Exhibit 3 hereto, to be posted on the Settlement Website and sent via email to the Class Members and allows a Class Member to submit a request for exclusion from the Class;

H.      Finds that the notice program set forth herein: (1) is the best practicable notice; (2) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement; (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements as set forth by law;

I.      Requires the Settlement Administrator to file proof of the dissemination of the Class Notice at or before the Final Approval Hearing;

J.      Requires each Class Member who wishes to exclude him/herself from the Class to submit an appropriate, timely opt-out request, no later than thirty (30) days after the Class Notice Date, to the Settlement

Administrator by mailing the online form, postmarked no later than thirty (30) days
after the Class Notice Date, to the Settlement Administrator at the address provided
on the Opt-Out Form;

        K.      Preliminarily enjoins all Class Members unless and until they
have timely excluded themselves from the Class (1) from filing, commencing,
prosecuting, intervening in or participating as a plaintiff, claimant or class member
in any other lawsuit or administrative, regulatory, arbitration or other proceeding
against Defendant in any jurisdiction based on, relating to or arising out of the
claims and causes of action or the facts and circumstances giving rise to the
Lawsuit and/or the Released Claims, and (2) from filing, commencing or
prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding
against any Defendant as a class action on behalf of any Class Members who have
not timely excluded themselves (including by seeking to amend a pending
complaint to include class allegations or seeking class certification in a pending
action), based on, relating to or arising out of the claims and causes of action or the
facts and circumstances giving rise to the Lawsuit and/or the Released Claims;

        L.      Orders that any Class Member who does not submit a timely
Opt-Out Form requesting to be excluded from the Class (*i.e.*, becomes an Opt-Out)
will be bound by all proceedings, orders, and judgments in the Lawsuit, even if
such Class Member has previously initiated or subsequently initiates individual
litigation or other proceedings encompassed by the Release;

        M.      Requires each Class Member who is not an Opt-Out and who
wishes to object to the fairness, reasonableness, or adequacy of this Agreement or
the proposed settlement or to the Attorneys' Fee Award to file with the Court and
serve on Class Counsel and Defense Counsel no later than thirty (30) days after the
Class Notice Date, a statement of the objections signed by the Class Member and
containing all of the following information:

(i)     The objector's full name and address, email address and telephone number;

(ii)    A written statement of all grounds for the objections accompanied by any legal support for such objections;

(iii)   Copies of any papers, briefs, or other documents upon which the objection is based;

(iv)    A written statement as to whether the objector intends to appear at the Final Approval Hearing;

(v)     A declaration setting forth any other objections submitted by the objector, or the objector' s counsel, to any class action settlement submitted in any court, whether state, federal or otherwise, in the United States in the previous five (5) years; and

(vi)    If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing.

N.      Orders that (1) the filing of an objection allows Class Counsel or Defendants' Counsel to notice the deposition of the objector consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or tangible items that are relevant to the objection; (2) the failure by an objector to make himself or herself available for deposition or to comply with expedited discovery requests may result in the Court striking the objector's objection and denying that person the opportunity to make an objection or to be heard; and (3) the Court may tax the costs of any such discovery to the objector or the objector's counsel, should the Court determine that the objection is frivolous and/or made for an improper purpose;

O.      Specifies that any Class Member who does not file a timely written objection to the settlement and a notice of his/her intent to appear at the

Final Approval Hearing or who otherwise fails to comply with the requirements of Paragraph VIII.53.M shall be foreclosed from seeking any adjudication or review of this settlement by appeal or otherwise;

P.      Requires that any attorney hired by a Class Member will be at the Class Member's sole expense for the purpose of objecting to this Agreement, to the proposed settlement, or to the Attorneys' Fee Award and such attorney shall provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and file with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing no later than thirty (30) days before the Final Approval Hearing or as the Court may otherwise direct;

Q.      Requires that any Class Member, who files and serves a written objection and who intends to make an appearance at the Final Approval Hearing, provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and file with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing no later than thirty (30) days before the Final Approval Hearing or as the Court may otherwise direct;

R.      Directs the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving opt-out requests, objections, notices of intention to appear and any other communications, and providing that only the Settlement Administrator, Class Counsel, Defense Counsel, Defendants, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise provided in this Agreement;

S.      Directs the Settlement Administrator to promptly furnish Class Counsel, Defendants' Counsel, and Defendants with copies of any and all opt-out requests, notices of intention to appear, or other communications that come into its

possession, except as expressly provided in this Agreement, including but not limited to, Section VI of this Agreement;

T.      Orders the Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) business days after the completion of the thirty (30) day period in which Class Members may exclude themselves from the Class, and then file a declaration attesting to the completeness and accuracy thereof no later than three (3) business days thereafter or on such other date as the Parties may direct; and

U.      Contains any additional provisions agreeable to the Parties that might be necessary to implement this Agreement and the proposed settlement.

## IX.    FINAL ORDER AND JUDGMENT AND RELEASES

54.    At the Final Approval Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to Fed. R. Civ. P. 23(e) and all applicable laws that, among other things:

A.      Finds that the Court has personal jurisdiction over Named Plaintiff and all members of the Class and that the Court has subject matter jurisdiction to approve this settlement;

B.      Grants final approval to this Agreement as being fair, reasonable, and adequate as to all Parties and in compliance with all requirements of Due Process and applicable law, as to and in the best interests of all Parties, and directs the Parties and their counsel to implement and consummate this Agreement in accordance with its terms and provisions;

C.      Declares this Agreement and the Final Order and Judgment to be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release (as set forth in Paragraph I.24) maintained by or on behalf of Named Plaintiff and all other Class

Members, as well as their agents, heirs, executors or administrators, successors and assigns;

   D. Finds that the Class Notice sent to Class Members: (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Lawsuit, of their right to object to or exclude themselves from the proposed settlement, of their right to appear at the Final Approval Hearing, and of their right to monetary and other relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Due Process and any other applicable law;

   E. Finds that Class Counsel and Named Plaintiff adequately represented the Class for purposes of entering into and implementing the settlement and this Agreement;

   F. Dismisses the Lawsuit (including all individual and class claims presented thereby) on the merits as to Defendants with prejudice and without fees or costs except as provided herein, in accordance with the Final Order and Judgment;

   G. Adjudges that Named Plaintiff and the Class have conclusively compromised, settled, dismissed, and released any and all Released Claims against Defendants and the Releasees;

   H. Provides a determination on the Attorneys' Fee Award to Class Counsel and the Named Plaintiff's Incentive Award to the Named Plaintiff;

   I. Orders the Settlement Administrator to take all steps necessary to create the Settlement Fund and distribute the monies in accordance with this Agreement and the Court's Orders pertaining to the settlement;

   J. Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator,

Defendants, the Named Plaintiff, and the Class as to all matters relating to the
administration, consummation, enforcement, and interpretation of the terms of the
settlement and Final Order and Judgment and for any other necessary purposes;

K.      Provides that upon the Effective Date, Named Plaintiff and all
Class Members who have not been excluded from the Class shall be barred from
asserting any Released Claims against any Defendant and/or any Releasee, and
shall have released any and all Released Claims against Defendants and all
Releasees;

L.      Determines that the Agreement and the settlement provided for
herein and any proceedings taken pursuant thereto are not and should not in any
event be offered or received as evidence of, a presumption, concession, or an
admission of liability or of any misrepresentation or omission in any statement or
written document approved or made by Defendants or any Releasee or the
suitability of these or similar claims to class treatment in active litigation and trial;
provided, however, that reference may be made to this Agreement and the
settlement provided for herein in such proceedings as may be necessary to
effectuate this Agreement;

M.      Bars and permanently enjoins all Class Members who have not
been properly excluded from the Class (i) from filing, commencing, prosecuting,
intervening in or participating as plaintiff, claimant or class member in any other
lawsuit or administrative, regulatory, arbitration or other proceeding against any
Defendant in any jurisdiction based on, relating to or arising out of the claims and
causes of action or the facts and circumstances giving rise to the Lawsuit and/or
the Released Claims; (ii) from filing, commencing or prosecuting a lawsuit or
administrative, regulatory, arbitration or other proceeding against any Defendant as
a class action on behalf of any Class Members who have not timely excluded
themselves (including by seeking to amend a pending complaint to include class

allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims; and (iii) from organizing Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) against any Defendant based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims;

N.      Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Class Members who have timely requested exclusion from the Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment;

O.      Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and all Exhibits hereto that (i) shall be consistent in all material respects with the Final Order and Judgment and that (ii) do not limit the rights of the Parties or Class Members; and

P.      Dismisses all of the "Doe" Defendants from the Lawsuit.

55.      Class Counsel shall not file a proposed Final Order and Judgment without Defense Counsel's approval.

56.      As of the Effective Date, Named Plaintiff, and other Class Members who have not excluded themselves from the Class by operation of the entry of the Final Order and Judgment release and forever discharge the Releasees from all Released Claims.

A.      Without in any way limiting the scope of the Release, this Release covers, without limitation, any and all claims against Defendants for

attorneys' fees, costs, or disbursements incurred by Class Counsel or any other

counsel representing Named Plaintiff or Class Members, or any of them, in

connection with or related in any manner to the Lawsuit, the settlement of the

Lawsuit, the administration of the settlement and/or the Released Claims as well as

any and all claims for an incentive award to Named Plaintiff.

B.    The Releasees, on behalf of themselves and their respective

successors, assigns, past, present and future parents, subsidiaries, joint venturers,

partnerships, related companies, affiliates, unincorporated entities, divisions,

groups, directors, officers, shareholders, employees, agents, attorneys,

representatives, servants, partners, executors, administrators, predecessors,

processors, descendants, dependents, and heirs, by operation of the Final Order and

Judgment are deemed to have been fully released and forever discharged by

Named Plaintiff, Class Members, and Class Counsel from any claims arising out of

the investigation, filing, prosecution, or resolution of the Lawsuit.

C.    Named Plaintiff, the Class Members and the Releasees

expressly acknowledge that they are familiar with principles of law such as Section

1542 of the Civil Code of the State of California, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO**
> **CLAIMS WHICH THE CREDITOR DOES NOT**
> **KNOW OR SUSPECT TO EXIST IN HIS OR HER**
> **FAVOR AT THE TIME OF EXECUTING THE**
> **RELEASE, WHICH IF KNOWN BY HIM OR HER**
> **MIGHT HAVE MATERIALLY AFFECTED HIS**
> **OR HER SETTLEMENT WITH THE DEBTOR**.

To the extent that California or other law may be applicable to this

Agreement, the Parties hereby expressly agree that the provisions, rights and

benefits of Section 1542 and all similar federal or state laws, rights, rules, or legal

principles of any other jurisdiction that may be applicable herein are hereby

knowingly and voluntarily waived and relinquished to the fullest extent permitted

by law solely in connection with unknown claims that relate to the claims or causes of action against Defendants set forth or that could have been set forth in the Lawsuit, and the Parties hereby agree and acknowledge that this is an essential term of the Release. In connection with the Release, the Parties acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein.

D. Nothing in the Release shall preclude any action to enforce the terms of this Agreement, including participation in any of the processes detailed herein.

E. Subject to Court approval, all Class Members who have not excluded themselves from the Class shall be bound by this Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Lawsuit or this settlement.

## X. <u>WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT</u>

57. Within fifteen (15) days of the occurrence of any of the following events and upon written notice to all Parties, a Party shall have the right to withdraw from the settlement:

A. If the Court fails to approve the Agreement as written or if on appeal the Court's approval is reversed or modified;

B. If the Court materially alters any of the terms of the Agreement provided that this Paragraph does not apply to any modifications the Court may make in its discretion to the Attorneys' Fee Award or Named Plaintiff's Incentive Award;

C. If either the Preliminary Approval Order, as described in Paragraph I.23 and substantially in the form attached hereto as Exhibit 4, or the

Final Approval Order, as described in Paragraph IX.54, is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.  In the event of a withdrawal pursuant to this Paragraph, any certification of a Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Lawsuit to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Agreement.

58.    If Named Plaintiff or five percent (5%) or more of the Class Members properly and timely submit requests for exclusion from the Class as set forth in Paragraph V.45, thereby becoming Opt-Outs, then, at the election of Defendants, Defendants may withdraw from this Agreement. In that event, all of Defendants' obligations under this Agreement shall cease to be of any force and effect, the certification of the Class shall be vacated without prejudice to Defendants' position on the issue of class certification, and Defendants shall be restored to its litigation position existing immediately before the execution of this Agreement. To withdraw from this Agreement on the basis set forth in this Paragraph, Defendants must notify Class Counsel in writing of their election to do so within ten (10) business days after the Opt-Out List has been served on the Parties. For purposes of this Paragraph, Opt-Outs shall not include (i) persons who are specifically excluded from the Class; and (ii) Opt-Outs who agree to sign an undertaking that they will not pursue an individual or class claim that would otherwise be a Released Claim as defined in this Agreement.

59.    In the event of withdrawal by Defendants in accordance with the terms set forth in this Section, the Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Lawsuit and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any proposed or existing class or the

DocuSign Envelope ID: FA80E0210BE9-409A-A79E-A5A5EDF50831

amenability of these or similar claims to class treatment. In the event of such withdrawal, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to Defendants, Named Plaintiff, and the Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter, or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Lawsuit shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

## XI.    EFFECTIVE DATE

60.    The "Effective Date" of this Agreement shall be the date when each and all of the following conditions have occurred:

A.    This Agreement has been fully executed by the Parties and their counsel;

B.    Orders have been entered by the Court certifying a Class, granting preliminary approval of this Agreement and approving the form of Class Notice, all as provided above;

C.    The Court-approved Class Notice and the Settlement Website have been duly created and/or disseminated as ordered by the Court;

D.    The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

E.    The Final Order and Judgment has become "Final" as defined in Paragraph XI.61.

61.    "Final" when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (a) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (b) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is

subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of *certiorari*, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

## XII.  ADDITIONAL PROVISIONS

62.    The Recitals and Exhibits to this Agreement are an integral part of the settlement and are expressly incorporated and made a part of this Agreement.

63.    This Agreement is for settlement purposes only. Neither the fact of nor any provision contained in this Agreement nor any action taken hereunder shall constitute or be construed as an admission of the validity of any claim or any fact alleged in the Lawsuit or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or any admission by Defendants of any claim or allegation made in any action or proceeding against Defendants or any concession as to the lack of merit in any of the claims asserted by Named Plaintiff in the Lawsuit. This Agreement shall not be offered or admissible as evidence against the Parties or cited or referred to in any action or proceeding, except in any action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by Defendants that Named Plaintiff's claims or any similar claims are suitable for class treatment.

64.    In the event that there are developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by this Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary and appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect.

65.     No person shall have a claim against Named Plaintiff, Class Counsel, Defendants, Defense Counsel, the Settlement Administrator, or the Releasees or their agents based on administration of the settlement substantially in accordance with the terms of this Agreement or any order of the Court or any appellate court.

66.     The Parties, by and through their counsel, shall cooperate and work together toward an agreed protocol and mutually acceptable language or messaging in making or responding to any public statement, in any forum, or to the media or press, in any forum, regarding the Settlement or Lawsuit. No Party or counsel for a Party may make, cause to be made, or respond to any other public statement, including to the media or press, in any forum, regarding the Settlement or Lawsuit unless preapproved in writing by all Parties, and in no event shall any such statement or response be made or caused to be made prior to the filing of a Motion for Preliminary Approval of the Settlement. However, the Parties, by and through their counsel, shall be permitted to make or respond to statements relating to this Settlement or Lawsuit that are reasonably necessary to effectuate this Settlement. In responding to any inquiries regarding the Settlement, the Parties and their counsel will use their best efforts to provide responses consistent with language previously agreed upon by the Parties.

67.     This Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Lawsuit. This Agreement supersedes all prior negotiations and agreements and may not be modified or amended except in writing and signed by the Parties and their respective counsel. The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement.

68.     There shall be no waiver of any term or condition absent an express writing to that effect signed by the Parties. No waiver of any term or condition in this Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Agreement.

69.     This Agreement may be executed in one or more counterparts, which together shall be deemed a single agreement. A photocopy, facsimile, or electronic copy of an executed counterpart shall be deemed an original.

70.     This Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in the Agreement, all Parties hereto have contributed substantially and materially to the preparation of this Agreement.

71.     All terms, conditions, and Exhibits are material and necessary to this Agreement and have been relied upon by the Parties in entering into this Agreement.

72.     This Agreement shall be construed under and governed by the laws of the State of California without regard to its choice of law provisions or any rule that would cause the application of the laws of any other jurisdiction.

73.     The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement in order to administer and enforce this Agreement.

74.     In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision had never been a part of this Agreement, so long as the

benefits to Defendants or Class Members are not materially altered as a result of such provision.

75.     Whenever, under the terms of the Agreement, a person is required to provide service or written notice to Defendants or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Parties in writing:

As to Named Plaintiff:

**Class Counsel**

John P. Kristensen, Esq.
Jesenia A. Martinez, Esq.
KRISTENSEN LLP
12540 Beatrice Street, Suite 200
Los Angeles, California 90066

As to Defendants:

**Defense Counsel**

Richard S. Busch, Esq.
D. Keith Kelly II, Esq.
KING & BALLOW
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067

76.     The headings used in this Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement. In construing this Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

77.     Each Party to this Agreement and the signatories thereto warrants that he, she, or it is acting upon independent judgment and upon the advice of counsel and not in any reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the

DocuSign Envelope ID: FA80E081-094F9-409A-979E-A5A5EAF50631

warranties and representations expressly made in this Agreement. Each signatory below warrants that he or she has authority to execute this Agreement or any of its Exhibits and to bind the Party on whose behalf he or she is executing this Agreement.

IN WITNESS HEREOF, the Parties have executed this Agreement as of the date(s) indicated on the lines below.

NAMED PLAINTIFF:

Dated: _2/7/2020_ _____

DocuSigned by:

D8A134BF93A24D6...

Lisa Friedman

DEFENDANTS:

Dated: _____        _____
                        Name:_____
                        Title:_____
                        EM DIGITAL, LLC

Dated: _____        _____
                        Name:_____
                        Title:_____
                        EMPOWERED MEDIA, LLC

Dated: _____        _____
                        JILLIAN MICHAELS

APPROVED AS TO FORM AND CONTENT:

Dated: _2/7/2020_____

John P. Kristensen, Esq.
KRISTENSEN LLP
12540 Beatrice Street, Suite 200
Los Angeles, California 90066


Dated: _____

_____
Richard S. Busch, Esq.
KING & BALLOW
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067

Richard S. Busch, Esq.
D. Keith Kelly II, Esq.
KING & BALLOW
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067

78.     The headings used in this Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement. In construing this Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

79.     Each Party to this Agreement and the signatories thereto warrants that he, she, or it is acting upon independent judgment and upon the advice of counsel and not in any reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement. Each signatory below warrants that he or she has authority to execute this Agreement or any of its Exhibits and to bind the Party on whose behalf he or she is executing this Agreement.

IN WITNESS HEREOF, the Parties have executed this Agreement as of the date(s) indicated on the lines below.

NAMED PLAINTIFF:

Dated: _____        _____

                         Lisa Friedman

DEFENDANTS:

Dated: __2/7/2020__      _____

SETTLEMENT AGREEMENT           31      FRIEDMAN, ET AL. V. MICHAELS, ET AL.

Name:  Giancarlo Chersich
Title:  CEO
EM DIGITAL, LLC

Dated:  __2/7/2020__

Name:  Giancarlo Chersich
Title:  CEO
EMPOWERED MEDIA, LLC

Dated:  2/7/20

JILLIAN MICHAELS

APPROVED AS TO FORM AND CONTENT:

Dated:  _____

John P. Kristensen, Esq.
KRISTENSEN LLP
12540 Beatrice Street, Suite 200
Los Angeles, California 90066

Dated:  2-7-2020

Richard S. Busch, Esq.
KING & BALLOW
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067