JS-6

**THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| LISA FRIEDMAN, individually and on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>     vs.<br><br>JILLIAN MICHAELS, an individual; EM DIGITAL, LLC, a Florida Limited Liability Company; EMPOWERED MEDIA, LLC, a California Limited Liability Company; and DOES 1–100, inclusive,<br><br>        Defendants. | Case No.: CV 18-9414-GW-SSx<br><br>**CLASS ACTION**<br><br>**Assigned to Hon. George H. Wu**<br><br>**FINAL ORDER AND JUDGMENT**<br><br>Complaint Filed: August 20, 2018<br>Removed: November 5, 2018<br>Notice of Settlement: December 2, 2019<br>Preliminary Approval: April 16, 2020 |

Plaintiff Lisa Friedman ("Plaintiff") and defendants EM Digital, LLC, Empowered Media, LLC, and Jillian Michaels (collectively, "Defendants") entered into a Class Action Settlement, which is subject to review under Fed. R. Civ. P. 23.

On October 23, 2019, the Court certified this matter as a class action and named Plaintiff as the Class Representative and appointed John P. Kristensen and Jesenia A. Martinez of Kristensen LLP as Class Counsel [Dkt. 69].

On September 5, 2019, Defendants filed their Motion for Summary Judgment [Dkt. 39], which Plaintiff opposed on September 26, 2019 [Dkt. 57]. On October 24, 2019, after oral argument was heard, the Court ordered further briefing by the Parties on a number of issues raised in Defendants' Motion for Summary Judgment [Dkt. 75]. The Parties fully briefed the issues on November 4, 2019, and November 12, 2019 [Dkt. 76-79]. On December 2, 2019, Plaintiff filed a Notice of Settlement after an agreement was reached between the Parties [Dkt. 80]. At the time the Notice of Settlement was filed, the Court had not issued a ruling on Defendants' Motion for Summary Judgment. *See* Dkt. 87-1 at ¶ 18.

On February 7, 2020, Plaintiff filed the Class Action Settlement Agreement [Dkt. 87-2] along with her Motion for Preliminary Approval of Class Action Settlement [Dkt. 87].

On March 9, 2020, the Court held a hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement [Dkt. 87] and requested supplemental briefing and that edits be made to the proposed documents to be sent to the Class.

On March 23, 2020, Plaintiff filed her Supplemental Brief and revised Class Action Agreement [Dkt. 89-1] and proposed documents to be sent to the Class.

On April 16, 2020, the Court entered an Order of Granting Preliminary Approval of Class Settlement [Dkt. 92]. Pursuant to the Preliminary Approval

Order, the Court, among other things: (i) preliminarily approved the proposed Settlement; (ii) appointed Kurtzman Carson Consultants, LLC ("KCC") as Settlement Administrator; and (iii) set the date and time of the Final Approval Hearing for August 6, 2020 at 8:30 a.m.

Written notice of the proposed Settlement was served pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

On July 9, 2020, Plaintiff filed her Motion for Final Approval of Class Action Settlement [Dkt. 93] requesting final approval of the proposed Settlement.

That same day, Plaintiff filed her Motion for Attorneys' Fees, Costs, and Incentive Award [Dkt. 94].

On August 6, 2020, a Final Approval Hearing was held to determine whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class and should be approved by the Court.

Having considered all matters submitted to it at the hearing on the Motion for Final Approval [Dkt. 93] and Motion for Attorneys' Fees, Costs, and Incentive Award [Dkt. 94] and otherwise, including the complete record of this action, and good cause appearing therefor, the Court hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Agreement except as otherwise expressly provided.

2. The Court has jurisdiction over this Litigation, the claims raised in the Litigation, and the Parties.

3. The Parties complied in all material respects with the Notice plan set forth in the Agreement. The Court finds that the Notice plan, which was effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Class of the nature and pendency of the Litigation; the existence and terms of the Agreement; and the Settlement Class Members' rights to make claims, opt out, or object. Further, the Notice plan satisfies the Federal Rules of

Civil Procedure, the United States Constitution, and any other applicable law. Notice of the Settlement was also provided to the appropriate state and federal government officials in compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

4.     The Court has determined that full opportunity has been given to the Class Members to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses and incentive award to Plaintiff, and otherwise participate in the hearing on Final Approval held on August 6, 2020.

5.     The Court finds that the Settlement is in all respects fair, reasonable and adequate. The Court therefore finally approves the Settlement for the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the Agreement was the product of informed, arm's-length negotiations between competent, able counsel; counsel for the Parties had an adequate opportunity to evaluate and consider the strengths and weaknesses of their clients' respective positions; the Litigation involved vigorously disputed claims, underscoring the uncertainty of the outcome in this matter and the risks of continued litigation; the Settlement provides meaningful relief and monetary benefits for the Settlement Class Members; and the Parties were represented by highly qualified counsel who vigorously and adequately represented their respective clients' interests.

6.     The Settlement is in the best interests of the Class taking into account the extent of the relief obtained in relation to the risks faced by the Class Members in continuing to litigate their claims. The relief provided under the Agreement is appropriate as to the individual members of the Class and to the Class as a whole. All statutory and constitutional requirements necessary to effectuate the Settlement have been met and satisfied. The Parties shall effectuate the Agreement in accordance with its terms and provisions.

7.      By operation of this Final Approval Order and Judgment, by the Named Plaintiff and all Class Members (and their assignees who have not excluded themselves from the Class) of the Releasees of and from all Released Claims and shall include the agreement and commitment by Named Plaintiff and all Class Members to not now or hereafter initiate, maintain, or assert against the Releasees or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be, or could be alleged or asserted now or in the future by Named Plaintiff or any Class Member against the Releasees, or any of them, in the Lawsuit or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

8.      The "Released Claims" shall mean any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, claims for breach of contract, claims for violation of privacy, statutory claims, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, any violation of Cal. Bus. & Prof. Code §§ 17600 *et seq*., any violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*. predicated on violations of California's Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600, *et seq.*, any violation of Cal. Civ. Code §§ 1750 *et seq*. predicated on violations of California's Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600, *et seq.*, any violation of Cal. Bus. & Prof. Code §§ 17500 *et*

*seq.* predicated on violations of California's Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600, *et seq.*, restitution, rescission, claims for contribution or indemnification, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Lawsuit, suspected or unsuspected, contingent or matured, under federal, state or local law, which Named Plaintiff and/or any Class Member had, now have, or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences prior to the Preliminary Approval Date arising out of or related to any claim that was or could have been asserted against any Defendant in the Lawsuit or that arose or could have arisen during the Class Period same or similar to the causes of action asserted in the First Amended Complaint in *Friedman v. Michaels, et al.* filed on May 16, 2019.

9. "Releasees" shall mean Defendants, and all of their present, former, and future officers, directors, employees, attorneys, insurers, insurance agents and brokers, owners, representatives, predecessors, independent contractors, suppliers, vendors, processors, successors, agents, attorneys, assigns, parents, subsidiaries, affiliates, related companies, shareholders, members, counsel and legal representatives.

10. Plaintiff and the Class Members shall, by operation of this Final Approval Order and Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code section 1542, and any similar law of any state or territory of the United States or principle of common law. Section 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE**

1   **RELEASE AND THAT, IF KNOWN BY HIM OR HER,**
2   **WOULD HAVE MATERIALLY AFFECTED HIS OR HER**
3   **SETTLEMENT WITH THE DEBTOR OR RELEASED**
4   **PARTY**.

5        11.    Nothing herein shall bar any action or claim to enforce the terms of
6   the Agreement.

7        12.    No action taken by the Parties, either previously or in connection
8   with the negotiations or proceedings connected with the Agreement, shall be
9   deemed or construed to be an admission of the truth or falsity of any claims or
10  defenses heretofore made or an acknowledgment or admission by any Party of
11  any fault, liability or wrongdoing of any kind whatsoever to any other Party.
12  Neither the Agreement nor any act performed or document executed pursuant to
13  or in furtherance of the Settlement: (a) is or may be deemed to be or may be used
14  in any proceeding in any court, administrative agency, or other tribunal as an
15  admission of, or evidence of, the validity of any claim made by the Class
16  Members or Plaintiff's Counsel, or of any wrongdoing or liability of the persons
17  or entities released under the Agreement, or (b) is or may be deemed to be or may
18  be used in any proceeding in any court, administrative agency, or other tribunal as
19  an admission of, or evidence of, any fault or omission of any of the persons or
20  entities released under the Agreement. Defendants' agreement not to oppose the
21  entry of this Final Approval Order and Judgment shall not be construed as an
22  admission or concession by Defendants that: (a) any of the allegations contained
23  within the First Amended Complaint are meritorious; and (b) class certification
24  was or would be appropriate in the Litigation or would be appropriate in any other
25  action.
26  ///
27  ///
28  ///

13.     Class Counsel's application for an award of attorneys' fees, costs, and expenses and an incentive award to Plaintiff is granted. In accordance with the terms of the Agreement, the following amounts shall be paid by Defendants from the Settlement Fund:

      a.  Fees to Class Counsel: $56,250.00;

      b.  Costs to Class Counsel: $16,663.13;

      c.  Incentive Award to Plaintiff: $2,000.00.

14.     Class Counsel's attorneys' fees, costs, and incentive award to Plaintiff shall be paid from the Settlement Fund no later than seven (7) business days from the Effective Date.

15.     The Court orders the Settlement Administrator to take all steps necessary to create the Settlement Fund and distribute the monies in accordance with the Agreement and this Order and Judgment. The Court authorizes payment to the Settlement Administrator of its fees and costs, in an amount not to exceed $25,000.00.

16.     Except as provided in this Order, Named Plaintiff and the Class Members shall take nothing against Defendants by the First Amended Complaint, and Final Judgment shall be entered thereon, as set forth in this Order.

17.     This Order is intended to be a final judgment disposing of the above-captioned action in its entirety.

18.     Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Agreement.

19.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Agreement.

///

///

///

///

20.    There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: August 18, 2020

_____

Honorable George H. Wu
United States District Judge